### RUFF v. COLUMBIA &c. RAILROAD COMPANY.

1. NATURE OF MOTION.—A motion to require plaintiff to elect upon which cause of action he would proceed to trial is not a motion to require a severance and separation of the alleged causes of action contained in the complaint.

2. CAUSES OF ACTION—ELECTION—TIME—CASES CRITICISED.—An order requiring plaintiff to elect between two causes of action, cannot be objected to because made on the day of trial, (1) where no objection was then made that the motion came too late, and (2) because such order may be moved at any time before the trial commences. This case distinguished from cases in which the motion was to require more definite and certain statements in the complaint.

3. IBID.—IBID.—AMENDMENT.—There was no error in not permitting plaintiff to amend his complaint by making it more definite and certain, where he made no motion for leave to do so; and where, the complaint having blended together two causes of action, plaintiff was required to elect between the two.

4. CAUSES OF ACTION—NEGLIGENCE—ELECTION.—Where a complaint alleges the killing of plaintiff's horse by the failure of a railroad company to keep a road crossing in proper repair, and by the negligent management of its trains, and both allegations are complete in themselves, two unconnected acts of negligence are stated; and the trial judge did not err in requiring an election between the two.

5. NEGLIGENCE—NONSUIT.—There was no evidence tending to show that the road crossing had in any way contributed to the death of plaintiff's horse—the only issue before the jury under plaintiff's election—and, therefore, a nonsuit was proper.

6. CASE CRITICISED.—There is nothing in this case to bring it under the rule established by Danner's Case, 4 Rich., 329.

Before WALLACE, J., Fairfield, February, 1893.

This was an action by Silas W. Ruff against the Columbia and Greenville Railroad Company, commenced August 20, 1891, on the following complaint:

The plaintiff above named, complaining of the above named defendant, alleges: I. That the defendant is a corporation, duly incorporated under and by the laws of the State of South Carolina, and on the 24th day of July, 1891, owned and operated a certain railroad, known as the Columbia and Greenville Railroad Company, together with the track, cars, locomotives, and other appurtenances thereto belonging. II. That at said date the plaintiff owned and was possessed of one certain mare, of bay color, about ten years of age, named Kate, a little over medium size, of the value of $150, which casually, and without plaintiff's fault, strayed in and upon the track and ground occupied by the defendant, about three miles north of Littleton Depot, a station on the railroad of the defendant, and at the crossing of the public road, in the State and county aforesaid, leading to Freshley's Ferry, and crossed by the track of the defendant; and that said crossing at said place was out of repair, and that said mare was thereby unable to cross the track of the defendant, and was thereby induced to go upon the ground and track of the defendant, to effect, or try to effect, a crossing over the same. III. That the defendant, by its agents and servants, not regarding its duty in either respect, so carelessly and negligently managed its locomotive and cars, that the same ran against and over the said mare of the plaintiff, and killed and destroyed the same, to the damage of the plaintiff $150. Wherefore the plaintiff demands judgment against the defendant for the sum of $150 his damages, and for the costs of this action.

*Mr. J. G. McCants*, for appellant.

*Mr. B. L. Abney,* contra.

July 27, 1894.    The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.    This was an action brought by the plaintiff to recover damages from the defendant company for the killing of his horse by reason of the negligence of said company.    As some of the questions presented by this appeal turn upon the construction of the terms of the complaint, it is proper that a copy thereof should be incorporated in the report of the case.

The defendant claimed that two causes of action were blended together, one being the alleged negligence of the railroad company in keeping in good and safe repair a crossing of the railroad track at a point where it was intersected by a public road, by reason whereof the horse was killed, and the other, negligence in the management of defendant's locomotive and cars, whereby the disaster complained of occurred.    Three days before the case was called for trial, the defendant gave notice to the plaintiff, "that on the trial of the above stated case," a motion would be made for an order requiring the plaintiff "to elect upon which cause of action stated in your complaint you will proceed to trial, the same being blended in one statement, to wit: whether you will proceed to trial upon the cause of action stating that the railroad crossing was out of repair, or upon the cause of action stated (stating) that the accident occurred from the careless and negligent management of the locomotive and cars of the defendant."

Accordingly, when the case was called on the calendar, on the first day of the term, "both parties announced their readiness for trial, and Jury No. 1 were called.    Defendant's attorney stated that he had a motion to make, to require the plaintiff to elect which cause of action, stated in his complaint, he would proceed to trial on; that he was not advised when the motion should be made, and asked if the court would then hear it. The presiding judge said that, as the complaint had to be read to the jury anyway, that it would save time to read the complaint to the jury, and make the motion after that.    The jury was then accepted by both parties.    The plaintiff read his

complaint. The notice of the motion above mentioned was read;" and after argument his honor, Judge Wallace, granted an order requiring the plaintiff to elect. "The plaintiff duly excepted to the before mentioned motion, and the order of Judge Wallace thereon. In pursuance of the above mentioned order, the plaintiff elected the alleged cause of action, stating that the railroad crossing was out of repair, and proceeded to trial, reserving his exceptions to said motion and order."

The testimony in behalf of the plaintiff, which is set out in the "Case," was adduced, and at the close of the testimony the defendant moved for a nonsuit, which was granted, upon the ground that there was no testimony tending to show that the horse was killed by reason of the defendant's negligence in keeping the crossing in repair; and from the judgment entered thereon the plaintiff appeals upon the following grounds: "1. For that his honor erred in entertaining the motion to sever or separate the alleged *causes* of action contained in the complaint, as said motion was made at the trial of the cause, and was, therefore, made too late. 2. For that his honor erred in entertaining the motion to sever and separate the alleged causes of action contained in the complaint, as said motion was made *after the filing* of the complaint and *after the service of its answer* by defendant, and was, therefore, made too late. 3. For that his honor erred in ordering that the plaintiff elect upon which cause of action he should proceed to trial, and that he proceed to trial thereon, when he should have also allowed the plaintiff the option to amend his complaint by making it more definite and certain. 4. For that his honor erred in ordering an election between the alleged causes of action stated in the complaint, when there was but one cause of action stated in the complaint, to wit: the negligent killing of the mare of the plaintiff by the defendant, and the want of repair of the crossing was only alleged as evidence of the straying of the mare on the ground and track occupied by the defendant, without plaintiff's fault. 5. For that his honor erred in ordering an election between the alleged causes of action stated in the complaint, when, if such an election be made, as was made by the plaintiff under said order, the complaint is unintelligible, and no

cause of action is stated.   6. For that his honor erred in grant-ing a nonsuit, stating that there was no evidence showing that the mare attempted to cross the bridge at the crossing, which we submit was, from the testimony, a question of fact for the jury.   7. For that his honor erred in granting a nonsuit be-cause the facts in evidence and the killing of the mare by the defendant established a *prima facie* case of negligence, and im-posed the burden of lack of fault and due care on the defendant; and in the absence of such proof on the part of the defendant, should have been submitted to the jury, and would have sus-tained a verdict for the plaintiff.''

As to the first and second grounds of appeal, it is only neces-sary to say that it does not appear in the "Case" that any motion "to sever or separate the alleged causes of action contained in the complaint" was ever made. On the contrary, the only motion submitted was to require the plaintiff to elect upon which cause of action he would proceed to trial. But even if we take the most liberal view as to the real intent of these two exceptions, and assuming that the in-tention was to present the question whether the motion which was actually made was made in time, we do not think that either of these grounds can be sustained, for two reasons: 1st: It does not. appear that any objection was made, at the time, that the motion came too late, and, of course, the Circuit Judge was not called upon to make, and did not make, any ruling upon that point; and hence the question would not properly be before us. But, 2d, even if objection had been made at the time, it could not have been sustained; for we know of no law or rule prescribing the time when such a motion should be made, except that, from the very nature of the motion, it must be before the commencement of the trial, and here the motion was submitted before the trial had com-menced.

The authorities cited by counsel for appellant are not appli-cable, for they relate to a motion of an entirely different char-acter, to wit: to require the plaintiff to make the allegations of his complaint more definite and certain. Rule XX. of the Cir-cuit Court by its express terms applies to a motion of that

character, and not to a motion like the one in question here. In *Cohrs* v. *Fraser*, 5 S. C., 351, likewise cited by plaintiff, the motion was to strike out one of the paragraphs of the answer, and even in a motion of that character, it should be made "before the trial, and certainly before the opening by the plaintiff to the jury." The case of *Van Wyck* v. *Norris*, 15 S. C., 242, so far as we can see, has no application to the point under consideration. In *Bowden & Earle* v. *Winsmith*, 11 S. C., 409, it is stated that a motion to make the complaint more definite and certain should be made before answer, though really even that point was not *decided* in that case, and was a mere passing observation of Willard, C. J., which, however, seems reasonable, as the defendant ought to have the means of knowing definitely what he is charged with before making answer. *Dowie & Moise* v. *Joyner*, 25 S. C., 123, speaks only of a motion to require the plaintiff to make his complaint more definite and certain, and does not even indicate when such a motion should be made. The case of *Thomas* v. *Railroad Company*, 38 S. C., at page 487, simply declares that a motion to require the plaintiff to elect upon which cause of action he would go to trial, should have been made "before the trial began," and here the motion was made before the trial commenced.

The third ground of appeal imputes error to the Circuit Judge in not allowing the plaintiff to amend by making his complaint more definite and certain. In response to this ground, it is sufficient to say that no such motion was made; and certainly it was not the duty of the Circuit Judge *ex mero motu* to make such a requirement as a condition precedent to requiring the plaintiff to elect—*Reed* v. *Railroad Company*, 37 S. C., at page 55, where the court holds that while different causes of action may be embraced in the same complaint, yet they must be stated separately (*Latimer* v. *Sullivan*, 30 S. C., 111); but where, as in that case as well as in this, two causes of action were blended together, the plaintiff should be required *either* to state his causes of action separately *or* elect which he would retain for trial. Here the latter alternative was adopted, and we see no error.

The fourth ground of appeal imputes error to the Circuit

Judge in constring the complaint as containing two separate and distinct causes of action, whereas it really contained only one. There is no error here. The complaint certainly does allege two distinct and separate acts of negligence, one in failing to keep the crossing in proper repair and the other in the careless and negligent management of the train. Between these two specific acts of negligence there was no necessary connection, and there is no allegation and no proof of any such connection. The horse might have been killed by the careless management of the train even though the crossing was in perfect repair, and on the other hand the disaster might have occurred from the defect in the crossing, even though the utmost skill and care had been exercised in the management of the train. The evidence leaves no doubt of the fact that the horse was killed at the trestle, by being run over by the train, and was not killed at the crossing, a point at least 110 feet distant from the trestle. So that it seems to us clear that the complaint did state two distinct and separate causes of action blended together in one count, so to speak.

The fifth ground cannot be sustained, for it is very obvious that the complaint did state, as one of the causes of action, the negligence of the defendant in failing to keep the crossing in proper and safe repair; and when the plaintiff elected to proceed to trial upon that cause of action, it was not only necessary to introduce testimony tending to show negligence in that respect (*Fell* v. *Railroad Company*, 33 S. C., 198), but also tending to show that the injury to the horse was the result of such negligence. *Glenn* v. *Railroad Company*, 21 S. C., 466; *Petrie* v. *Railroad Company*, 29 *Id.*, at page 318; and *Barber* v. *Railroad Company*, 34 *Id.*, at pages 450–1.

The sixth ground complains that the judge erred in holding that there was no evidence showing that the horse attempted to cross the railroad track at the crossing. A careful examination of the testimony satisfies us fully that the Circuit Judge was not only right in this respect, but he might have gone further and held that the testimony tended to show that the horse did not attempt to cross at the crossing. No witness saw the horse, and the only evidence that the horse

was at the crossing at all on the morning of the disaster was
derived from the tracks of the animal seen on the railroad track,
and these tracks showed that the horse had passed beyond the
crossing, in the direction of the trestle, nibbling the grass as
she went, and that the animal had reached a point beyond the
crossing before she took fright, and, as inferred from the length
of her stride, ran up the track towards the trestle, where she
was overtaken and killed by the train. So that we think there
was no error on the part of the Circuit Judge in holding that
there was no evidence tending to show that the injury com-
plained was the result of any negligence upon the part of the
defendant in failing to keep in safe repair the railroad crossing;
and hence, as in Glenn's case, *supra,* a nonsuit was inevitable.

The seventh ground is based upon the erroneous idea that
the judge should have applied the rule in *Danner's Case,* 4 Rich.,
329. Now, whatever may have been said as to the pro-
priety of the arbitrary rule of evidence, as established by
that celebrated case, yet it has been too long recognized
in this State, at least, to warrant the court, at this late day, in
questioning it. But the inquiry here is whether that rule can
be properly applied to the present case; and we do not think
it can, unless the wholesome doctrine established by the cases
of *Glenn* v. *Railroad Company, Fell* v. *Railroad Company, Petrie*
v. *Railroad Company,* and *Barber* v. *Railroad Company,* cited
above, are totally disregarded and those cases are overruled,
which we are by no means disposed to do.

The judgment of this court is, that the judgment of the Cir-
cuit Court be affirmed.