## 10255

### MULL *ET AL.* v. TOUCHBERRY.

#### (100 S. E. 152.)

1. CONTRACTS—ON EXPRESS UNDERTAKING MATTERS NECESSARY TO CONTRACT ARE IMPLIED.—From an expressed undertaking, the law will also imply whatever the parties reasonably may be supposed to have meant, and whatever is essential to render the transaction fair and honest.

2. SALES—EXPRESS WARRANTY OF QUALITY EXCLUDES IMPLIED WARRANTY.—Where, by the contract of sale of an automobile, the seller expressly warranted the car to be first-class in all respects, and fully worth the value paid, such express warranty or undertaking excluded any implied warranty of quality.

Before WHALEY, County Judge, Richland, —— term. Affirmed.

Action by A. P. Mull and others against E. C. Touchberry. From a judgment for plaintiff, defendant appeals.

The second and third paragraphs of the second defense of the answer, directed to be reported, read as follows:

2. That on the 19th day of December, 1917, for a full consideration, the plaintiff sold and delivered to this defendant the automobile therein referred to, and received from him one used automobile and defendant's check for eight hundred and fifty ($850) dollars, having received from plaintiff the day before the sum of forty-five ($45) dollars, on account of said transaction; that the said transaction was based on the guarantee and warranty of plaintiffs that the

automobile so sold to defendant was first-class in all respects, and fully worth the value paid for the same; on which guaranty this defendant relied, as was well known to plaintiff; that as soon as defendant had an opportunity to test the said automobile he discovered that it was far below the guarantee in value, and not worth the price paid; and that he promptly reported said fact to plaintiffs and tendered the car to them, demanding a rescission of the contract embracing a return of his check and of his used car.

3. That plaintiffs' warranty referred to was that the said car was very powerful, would climb any hills in the vicinity in high gear, would travel sixteen to twenty miles on a gallon of gasoline, and was as good a car as a Buick Six; that said warranties have failed and the said car is not worth the consideration paid therefor.

*Messrs. Weston & Aycock,* for appellant, cite: *As to implied warranty:* 85 S. C. 492. *To exclude implied warranty, the express warranty should be in writing:* 25 S. C. L. 186; 19 S. C. 383.

*Mr. Robert Moorman,* for respondent, cites: *As to express warranty excluding implied warranty:* 85 S. C. 492; 40 S. C. 39; 1 Hill 383; 4 Strob. 181. *Appellant had full opportunity to examine property and cannot invoke the principle that a sound price warrants a sound commodity:* 24 S. C. 348. *As to meaning of verdict:* 24 S. C. 354. *As to right of rescission:* 85 S. C. 492; 81 S. E. 976. *As to law in regard to representations as to future events:* A. & E. Enc. Law, p. 134; 101 S. C. 221. *As to buyer not having the right to rely upon dealers' talk:* 30 A. & Enc. Law 143.

August 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal is by the defendant from the charge of the Court. The action is on an unpaid check given by the

defendant to the plaintiff in part payment of an automobile. The answer alleges that the vendor sold the vendee the machine upon a special warranty, expressed in the second and third paragraphs of the second defense. Let so much of the answer be reported.

The Court submitted those warranties to the jury upon proper instructions, and the verdict was for the plaintiff. The defendant desired the Court to instruct the jury that the defendant might stand, besides on the express warranties, on that warranty implied by law, to wit, that a sound price calls for a sound article. The Court ruled that, inasmuch as the defendant had pleaded an express contract of warranty, there was no room for implication.

The challenge of that statement of the law is the major issue in the case. The argument of the appellant is:

"The rule excluding the defense of implied warranty, where an express warranty exists, had its origin in the rule of evidence excluding everything except that which was embraced in the express warranty, which was usually in writing. *Stucky v. Clyburn,* Cheves 186, 34 Am. Dec. 590; *McLaughlin v. Horton,* 1 Hill 383."

It is true that in the cases cited, and in most of our reported cases, the warranty was expressed in writing; and the Courts have in some of the cases denied the operation of an implied warranty, upon the ground that the allowance of it would impeach the written word. It is not apparent how the invocation of a contract implied by law can be called the proof of another contract than that which the parties have reduced to writing. Aside from that question, however, it was clearly and succinctly stated as early as 1833 that "The soundness of the (article) is the subject of express warranty; it shows that that was the subject of the contract, and the plaintiff's liability cannot be extended beyond it, either by parol or legal *implication.*" (The italics are supplied.) Johnson, J., in *McLaughlin v. Horton,* 1 Hill, 383.

The reason, or it may be the policy, of the rule is that, when two persons have expressed their whole contract by writing or by word of mouth, there is no warrant to think they have left any other contract to be implied.  6 R. C. L., p. 589, 2 Parsons on Contracts, p. 515.   It is true that, "From an expressed undertaking the law will also imply whatever the parties may be reasonably supposed to have meant, and what is essential to render the transaction fair and honest."  Bishop on Contracts, section 105.

But that is not saying that, where the expressed undertaking has limited the liability of a vendor, the same may·be enlarged by that different contract implied from the simple act of sale.   The right of the plaintiff to hold the defendant to the contract which the defendant says was expressed arises, not so much out of a rule of evidence, nor out of the pleading; it arises out of the sense of the transaction.   If, therefore, the defendant had particularly alleged, as it is contended he did, two defenses, the one a contract implied by law, and the other a contract expressed by the parties, yet we should hold that the expressed contract fixes the plaintiff's liability.

The appellant argues that the rule we have stated shuts the defendant up to confine his defense to an express warranty; but the defendant shut himself up when he alleged the parties made a particular agreement.

All the other exceptions are to language quoted by the Court from the books at, we infer, the suggestion of the plaintiff's counsel.   In each instance the Court properly modified the quotations, so as to rob them of any appearance of a charge upon the facts.

The judgment is affirmed.