### JUMPER v. DORCHESTER LUMBER CO. ET AL.

#### (111 S. E. 881)

1. PLEADING—COMPLAINT SETTING UP SEVERAL CAUSES OF ACTION HELD SUBJECT TO MOTION TO ELECT, BUT NOT TO MOTION TO MAKE MORE DEFINITE.—*Where*, in an action by a broker against a lumber company, the complaint jumbled together a cause of action for specific performance of a contract to convey land, an action to secure an interest in land with a lien therefor, and an action to recover a specified amount for each 1,000 feet of lumber on the land purchased by plaintiff for defendant, defendant's remedy against the complaint was a motion to compel an election, and not a motion to make the complaint more definite by specifying the oral and written parts thereof.

2. SPECIFIC PERFORMANCE—COMPLAINT SEEKING ENFORCEMENT OF ORAL CONTRACT FOR CONVEYANCE OF LAND DEMURRABLE.—In an action for specific performance of a contract for the conveyance of land, a complaint showing on its face that the contract is wholly in parol set forth a contract within the statute of frauds, and is demurrable.

3. PLEADING—COMPLAINT FOR SPECIFIC PERFORMANCE OF CONTRACT TO CONVEY LAND, PARTLY ORAL AND PARTLY WRITTEN, HELD SUBJECT TO MOTION TO MAKE DEFINITE.—A complaint by a broker against a lumber company for specific performance of a contract to convey to plaintiff certain land as a part of his compensation, or to secure an interest in the land to a specified amount with a lien therefor, and which alleges that the contract was partly in writing and partly in parol, is subject to a motion to make definite by specifying the particular parts in writing and in parol respectively, in order that defendant may properly plead thereto.

4. BROKERS—COMPLAINT TO RECOVER FOR PURCHASING TIMBER AT SO MUCH PER THOUSAND FEET ON LAND HELD NOT TO PRESENT CONTRACT WITHIN STATUTE OF FRAUDS.—A complaint by a broker against a lumber company to recover for timber land purchased for defendant at the rate of 50 cents per thousand feet of timber on the land does not present a contract within the statute of frauds, and need not specify that the contract was partly in writing and partly in parol.

5. APPEAL AND ERROR—OVERRULING OF MOTION TO MAKE DEFINITE HELD APPEALABLE.—An order overruling a motion to make definite and certain a complaint by a broker against a lumber company, which improperly joins three distinct causes of action relating to land, and shows on its face that the contract is partly in parol, but without indicating which part is verbal and which in writing, affects a substantial right, and involves the merits of the case, and is appealable.

Before Memminger, J., Hampton, August, 1921. Affirmed.

Action by W. J. Jumper against Dorchester Lumber Co. *et al.* From order refusing to make the complaint more definite and certain the defendants appeal.

*Mr. Legare Walker,* for appellants, cites: *Refusal of motion was denial of a substantial right and appealable*: Code Proc. 1912, Secs. 11 D. 210; 11 S. C. 122; 36 S. C. 559; 52 S. C. 584; 78 S. C. 327; 32 S. C. 102; 34 S. C. 345; 68 S. C. 494; 101 S. C. 437; 71 S. C. 29; 74 S. C. 430; 42 S. C. 547; 87 S. C. 254; 60 S. C. 521. *Contract for sale of lands or an interest therein must be in writing*: 1 Civ. Code 1912, Secs. 3736, 3737; 7 Rich Eq. 378; 13 Rich. Eq. 250; 27 S.C. 348; 33 S. C. 367; 85 S. E. 84; 101 S. C. 170; 106 S. C. 7; 5 S. C. 87; 28 S. C. 172. *Demurrer would be proper if essential part of contract is parol*: Code Proc. 1912, Sec. 194, Sub. 6, Sec. 196; 57 S. C. 147; 60 S. C. 373. *Motion is proper procedure*: 79 S. C. 460; 11 S. C. 123; 60 S. C. 521; 65 S. C. 222; 66 S. C. 12.

*Messrs. Brown & Bush* and *George Warren* for respondent.

April 11, 1922.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action for compensation as purchasing agent of the defendant company in the acquisition of certain real estate. The plaintiff alleges a contract, partly in writing and partly in parol, by which his compensation was to be measured either by a conveyance to him of the land with a reservation of the timber rights, or by payment to him of. 50 cents per thousand feet of timber on the property purchased, estimated on a stumpage basis; that in compliance with said contract he negotiated for the company the pur-

chase of certain lands for which the defendant paid
$150,000; that there are 100,000,000 feet of timber there-
on, estimated upon a stumpage basis; that the land, ex-
clusive of the timber, is worth $60,000.

The defendants moved for an order requiring the plain-
tiff to make his complaint more definite and certain by
specifying the oral and written parts, respectively, of the
contract. The motion was refused, and the defendants ap-
peal. The respondent moves to dismiss the appeal upon
the ground that the order is not appealable until after
final judgment.

The plaintiff has jumbled three separate and dis-
1    tinct causes of action in one complaint: (1) An
action for specific performance of a contract by
which he was entitled to a conveyance of the land, ex-
clusive of the timber rights; (2) an action to secure an
interest in the land to the extent of $60,000 with a
lien thereon therefor; (3) an action for 50 cents per
1,000 feet of timber on the land, estimated at 100,000,000
feet, $50,000.

It is impossible to tell from the complaint which of
these causes of action the plaintiff intends to rely upon;
he has the legal right to rely upon any one that he chooses.
It is a proper case for a motion by the defendants to
require the plaintiff to elect upon which cause of action
he will proceed to trial.

Should he elect to proceed upon the equitable cause
2    of action for specific performance of the alleged
contract to convey to him the land exclusive of the
timber, the following principles would be applicable: The
plaintiff is under no obligation to describe the character
of the evidence upon which he relies to establish the
contract and a complaint alleging the execution of a con-
tract without reference to such character would not be
subject to a demurrer or to a motion to make definite and

certain. *Groce v. Jenkins,* 28 S. C. 172, 5 S. E. 352. If the allegation had been that the contract was wholly in parol, the defendants' demurrer under the statute of frauds would have been entertained. *Williams v. Salmond,* 79 S. C. 460, 61 S. E. 79. *Mendelsohn v. Banov,* 57 S. C. 147, 35 S. E. 499.

As the allegation is that the contract was partly oral and partly written, it must be assumed that the oral part was an essential, or at least an important, element; the defendants would be entitled to be informed as to this, in order that they might shape their future course in pleading. Should he elect to proceed upon the equitable cause of action to secure an interest in the land to the extent of $60,000, with a lien thereon therefor, the same principles would be applicable. Should he elect to proceed upon the legal cause of action for 50 cents per 1,000 feet of timber, such a contract would not be within the statute of frauds, and there would be no necessity for a specific statement of what part of it was in writing and what in parol, as he would be entitled to rely upon either or both elements.

Under the case of *Blakely v. Frazier,* 11 S. C. 123, the order appealed from affects a substantial right, involves the merits, and is appealable. See, also, *Hawkins v. Wood,* 60 S. C. 521; 39 S. E. 9. *Bolin v. Ry. Co.,* 65 S. C. 222, 43 S. E. 665. *Lynch v. Spartan Mills,* 66 S. C. 12, 44 S. E. 93.

The judgment of this Court is that the respondent's motion to dismiss the appeal be refused, and that the order appealed from be affirmed.

Mr. CHIEF JUSTICE GARY and Mr. JUSTICE FRASER concur.

Mr. JUSTICE WATTS did not participate on account of sickness.