12981

BLACK v. B. B. KIRKLAND SEED CO.

(155 S. E., 268)

 January,
1930. 

*Messrs. Melton & Belser,* for appellant, 

*Messrs. D. W. Robinson, Jr.,* and *D. W. Robinson,* for
respondent, 

October 1, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

Action by the respondent against the appellant for the recovery of damages, alleged to have been sustained in connection with the purchase of rye for planting purposes.

Paragraphs 3, 4 and 5 of the complaint are as follows:

"3. That on or about November 1, 1928, and again on or about November 17, 1928, the plaintiff applied to the defendant for the purchase from defendant of genuine abruzzi rye to be sown by him; and at said times the defendant sold and delivered to the plaintiff what it represented as genuine abruzzi rye, the plaintiff paying for the same as genuine abruzzi rye the price asked by defendant therefor, purchasing ten bushels at each time.

"4. That the plaintiff had prepared his land for the purpose of sowing it in such rye, to grow and market the same, and after purchasing the said rye from defendant, sowed it on his land, properly prepared, which land was situated on and along a public and much used highway.

"5. That in truth and in fact the said representations of the defendant in reference to the said rye were not true; said rye so sold and so sown by the plaintiff was not abruzzi rye; said rye was in truth and in fact worthless and worse than worthless in that it produced practically no rye, and while it was growing it was apparent to the public traveling on and along this highway that it would not produce any rye."

The appellant pleaded a general denial, and alleged the rye was sold under a non-warranty clause and custom in which it was not to be responsible for the crop produced.

The trial resulted in a verdict for respondent in the sum of $350.00.

We do not deem it necessary to discuss in detail the appellant's exceptions.

When the case was called for trial, the appellant, pursuant to notice, moved that the respondent be required to elect whether he was suing in contract for breach of warranty, or in tort for deceit and misrepresentation. Pursuant to request by the Court, respondent's attorney stated that his cause of action was "for a breach of contract, warranty." Then appellant's attorney made a motion that the respondent also be required to elect whether he was suing for breach of an express warranty or for breach of an implied warranty of soundness. This motion was not granted, the Court stating that the election already made was "sufficient under the notice you have got as far as that is concerned." This ruling and the charge to the jury and refusal to direct a verdict for the appellant are the subjects of exceptions to this Court.

Under the view we take of the case, a brief statement of the law applicable is sufficient.

Where the plaintiff jumbles two or more separate and distinct causes of action in one complaint, a motion to require him to elect upon which cause of action he will proceed to trial is proper. *Jumper v. Lumber Co.*, 119 S. C., 171, 111 S. E., 881; *Hodges v. Bank of Columbia*, 130 S. C., 115, 125 S. E., 417. Such motion made before reading of the pleading is in time. *Hodges v. Bank, supra; Ruff v. Railroad Co.*, 42 S. C., 114, 20 S. E., 27.

One cannot rely upon an implied warranty where one pleads an express warranty. *Baltazzi v. Mc-Cormick*, 153 S. C., 371, 150 S. E., 900; *Rainey v. Simon*, 139 S. C., 337, 138 S. E., 41. But for the express

warranty to preclude an implied warranty, both must relate to the same or a closely allied subject. *Wells v. Spears,* 1 McCord, 423; *Mull v. Touchberry,* 112 S. C., 422, 100 S. E., 152; *Rainey v. Simon, supra.*

It was alleged that respondent applied to appellant for, and the latter sold and delivered to him what it represented to be, "genuine abruzzi rye," for which he paid the market price, or price asked to-wit, $2.50 per bushel. It was further alleged that the "representations of the defendant in reference to said rye were not true; said rye so sold and so sown by the plaintiff was not abruzzi rye; said rye was in truth and in fact worthless and worse than worthless in that it produced practically no rye, and while it was growing it was apparent to the public traveling on and along this highway that it would not produce any rye."

It will be observed that it was not alleged that the rye was unsound. The only issue made by the pleadings, therefore, was whether or not the rye in question was "abruzzi rye." If respondent applied for and received abruzzi rye then that was an end of the matter. Appellant could not be liable, unless the rye was unsound, and there is no allegation of unsoundness. This being true, there was only one cause of action stated, namely, *breach of an express warranty,* and therefore no election that could be made. The only questions that should have been submitted to the jury were: (1) Whether or not plaintiff applied for, and received rye represented to be abruzzi rye; and (2) if so, whether the rye delivered was in fact abruzzi rye. So much of the charge to the jury as related to implied warranty could only tend to confuse and mislead the jury.

The fact that the crop was inferior is immaterial, if respondent received abruzzi rye. There was testimony to the effect that abruzzi rye tends to revert to some other or former type. If that be an attribute of abruzzi rye, then the seller could not be responsible if such reversion took place

It is clear that in the absence of an express warranty, the law will imply a warranty of soundness where a sound price is paid. But the parties are at liberty to make a special contract, in which event they are bound by their contract. The seller is not bound to warrant any article that he sells, and he has the right to limit the warranty given as he sees fit in any manner and to any extent acceptable to the purchaser.

Under our view, the non-warranty clause printed in appellant's catalogue, on its invoice sheets, and on cards inserted in its seed bags is immaterial. For such clause to be applicable in any case. it must be shown that it was brought to the attention of the purchaser. But in this case it could have no application, since the pertinent and only question is whether or not the rye in question was abruzzi rye.

It is the judgment of this Court that the judgment of the lower Court be reversed, and the cause remanded for a new trial.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.