13079

SCOTT v. McINTOSH *ET AL.*

(157 S. E., 81)

April, 1930.

*Mr. Junius M. McIntosh,* for appellants,

438

*Mr. F. R. Hemingway,* for respondent, 

February 26, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The plaintiff, D. C. Scott, Jr., commenced this action against the defendants, H. M. McIntosh, L. F. Rhem, and W. K. McIntosh, copartners doing business as Nelson's Warehouse, in the Court of Common Pleas for Williamsburg County, January 10, 1930, for the purpose of obtaining judgment against the defendants in the sum of $500.00 alleged to be owing the plaintiff by the defendants. The plaintiff set up two causes of action. Under the first cause he bases his right of recovery upon an alleged lease, alleged to have been executed to the defendants by D. C. Scott, father of the plaintiff, June 1, 1927, covering a certain tobacco warehouse owned by the said D. C. Scott, situate in the town of Kingstree, Williamsburg County, for the sum of $1,500.00 per year, for the term of three years, beginning July 1, 1927, and "ending on last day of tobacco season, 1929," that prior to the commencement of this action the said D. C. Scott conveyed to the plaintiff, D. C.

Scott, Jr., "all of his rights and interest in said warehouse and all of his rights and interest in the lease in question," and alleged "that at the present said D. C. Scott, Jr., is the sole owner of said leased premises," and that there is due and owing by the defendants to the plaintiff on account of the said lease the sum of $500.00. Under the second cause of action, the plaintiff alleged ownership of the warehouse in question; that the defendants used the same during the tobacco season for the year 1929; that the sum of $1,500.00 per year is a reasonable rent to be charged therefor, which sum the defendants agreed to pay; and that there is still due and owing to the plaintiff by the defendants on account of said use and occupation of said warehouse building the sum of $500.00.

Issues being joined, the case was tried at the April, 1930, term of said Court, before his Honor, Judge W. H. Grimball, and a jury. At the close of the testimony, on motion of the plaintiff's counsel, his Honor, Judge Grimball, directed a verdict for the plaintiff for the full amount sued for. From the entry of judgment on the verdict, the defendants have appealed to this Court, imputing error to the trial Judge in the particulars set forth under twelve exceptions, all of which bear on the question of the direction of a verdict.

The suit is against "H. M. McIntosh, L. F. Rhem and W. K. McIntosh, copartners doing business as Nelson's Warehouse." The alleged lease, attached to the complaint and made a part of it, is not signed by the lessor, D. C. Scott. But, waving the question raised on account of the lease not being signed by the alleged lessor, D. C. Scott, we look to see in what way the defendants are bound by the lease. In the preamble of this paper it is stated that the lease is made between the said D. C. Scott (father of the plaintiff), called the lessor and "Nelson Warehouse Co.," called lessee. But the paper is signed "Nelson's Warehouse by W. K. McIntosh, Mgr." The testimony

offered on the part of the defendants is to the effect that "Nelson Warehouse" is a corporation, and the corporation is not sued in this action. In this connection it may be stated that the plaintiff, in the course of his testimony, stated, without objection, so far as the record discloses, that he got a deed for the building in question, and stated that there was owing to him "personally on this lease for rent" the sum of $500.00. The plaintiff offered no testimony as to what is a reasonable rent for the use of the building, and offered no testimony as to who used it. Judging from his testimony, or lack of testimony, he relied solely on his first cause of action, under which he set up the alleged lease.

The testimony on behalf of the defendants, which is pertinent to the question under consideration, briefly stated, tends to show: The Nelson's Warehouse is a corporation, owned by H. M. McIntosh and L. F. Rhem; the partnership, Nelson's Warehouse Company, rented the building in question from the Nelson's Warehouse (a corporation) for the years 1927 and 1928, which partnership dissolved in 1928 and did not exist in 1929; and the defendants H. M. McIntosh and L. F. Rhem did not occupy or use the said building during the year 1929, and were not connected with any partnership that did occupy or use the same during the year 1929. There was also testimony to the effect that W. K. McIntosh and E. J. Hester rented the building from Mr. Scott, under a separate agreement, for the year 1929, and occupied the same during that year. In this connection it may be stated that it appears that all rent for the years 1927 and 1928 had been paid, and only the rent for the year 1929 is involved. The witness W. K. McIntosh testified that he went to Mr. Scott and told him that Hester and he were operating the Nelson's Warehouse, and could not afford to pay him $1,500.00 rent, and Mr. Scott agreed to make a reasonable reduction. It appears that this agreement or promise induced these parties, Hester and W. K. McIntosh, to use the building. At least that is a reasonable

inference to be drawn from the testimony. Acting on this agreement, Mr. W. K. McIntosh paid to Mr. Scott the sum of $1,000.00 for that year 1929.

There was additional testimony, but, in our opinion, this is sufficient to show that the testimony was susceptible of more than one reasonable inference, and, under the rule, the same should have been submitted to the jury.

Therefore the judgment of the Circuit Court is reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES COTHRAN and STABLER, and MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE concur.