13505

SCOTT v. McINTOSH *ET AL.*

(166 S. E., 345)

*Mr. J. M. McIntosh,* for appellant,

*Mr. F. R. Hemingway,* for respondent,

November 4, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Williamsburg County, June 10, 1930, by D. C. Scott, Jr., as plaintiff, against the defendants, H. M. McIntosh, L. F. Rhem, and W. K. McIntosh, co-partners, doing business as Nelson's Warehouse, is a suit for the purpose of obtaining

judgment against the defendants in the sum of $500.00, involving the rental and use of a certain warehouse located in the Town of Kingstree, said county. There are two causes of action set up in the complaint. The first cause is based upon a written lease, and the second cause is based on *quantum meruit*. While under each cause of action $500.00 is alleged to be due and owing, in the prayer of the complaint the total amount asked for is not $1,000.00 but $500.00. In due time the defendants, H. M. McIntosh and L. F. Rhem, filed an answer, but so far as the record discloses, no answer was served by the defendant, W. K. McIntosh. The case was first tried in said Court before his Honor, Judge W. H. Grimball, and a jury, resulting in a verdict for the plaintiff for the full amount under direction of the trial Judge. On appeal to this Court, the judgment was reversed, this Court holding that a verdict should not have been directed by the Court, but that the issues under the testimony should have been submitted to the jury. Therefore the case was remanded to the lower Court for a new trial; the case being reported in 160 S. C., 537, 157 S. E., 81. Thereafter, the defendants, H. M. McIntosh and L. F. Rhem, by permission of the Court, filed an amended answer, and the case was tried the second time in the lower Court before Special Judge Hon. George Warren and a jury, resulting in a verdict for the plaintiff on the first cause of action in the sum of $500.00. A motion by the defendants for a new trial being refused, from the judgment entered on the verdict, the defendants have appealed to this Court.

The first question involved in the appeal, and which appears at the threshhold of the case, arises out of the allegation of error imputed to the trial Judge in refusing defendants' motion to require the plaintiff to elect upon which cause of action he would go to trial, whether upon the cause of action based upon the written lease, or upon the cause of action based on *quantum meruit*. The authorities are not in accord on this question. According to Corpus Juris, a highly

respected authority, the rule seems to be that an action upon an express contract, for instance a written lease, as in the case at bar, is not inconsistent with a concurrent action based upon *quantum meruit,* and no election should be required in such case. 20 C. J., 16. But, as stated in this valuable work, there is authority to the contrary. In our opinion, the plaintiff should have been required to elect upon which of the causes of action set forth in his complaint he would go to trial, for the reason that, under our view, the evidence necessary to establish the one differs from that necessary to establish the other. The two causes are inconsistent, and the defendants were put to a disadvantage by permitting the plaintiff to go to trial on both causes. In support of this position we call attention to the following authorities: "The doctrine of election of remedies applies only where there are two or more remedies all of which exists at the time of election, and which are alternative and inconsistent with each other, and not cumulative, so that after the proper choice of one, the other or others are no longer available. This is upon the theory that, on several inconsistent remedies, the pursuit of one necessarily involves, or implies, the negation of the others. Whether co-existent remedies are inconsistent is to be determined by a consideration of the relation of the parties with reference to the right sought to be enforced as asserted in the pleadings." 9 R. C. L., 958.

We call attention to the fact that the two causes of action set up in plaintiff's complaint relate to the same subject, and, under the rule, one precludes the other, because they are inconsistent. In this connection, we quote the following from the opinion in the case of *Black v. Kirkland Seed Company,* 158 S. C., 115, 155 S. E., 268, 269:

"Where the plaintiff jumbles two or more separate and distinct causes of action in one complaint, a motion to require him to elect upon which cause of action he will proceed to trial is proper. *Jumper v. Lumber Co.,* 119 S. C., 171, 111 S. E., 881; *Hodges v. Bank of Columbia,* 130 S. C., 115, 125

S. E., 417. Such motion made before reading of the pleading is in time. * * * *Ruff v. Railroad Co.,* 42 S. C., 114, 20 S. E., 27.

"One cannot rely upon an implied warranty where one pleads an express warranty. *Baltazzi v. McCormick,* 153 S. C., 371, 150 S. E., 900; *Rainey v. Simon,* 139 S. C., 337, 138 S. E., 41. But for the express warranty to preclude an implied warranty, both must relate to the same or a closely allied subject. *Wells v. Spears,* 1 McCord, 423; *Mull v. Touchberry,* 112 S. C., 422, 100 S. E., 152; *Rainey v. Simon, supra.*"

In this connection we also call attention to the case of *Jumper v. Dorchester Lumber Company,* 119 S. C., 171, 111 S. E., 881, and the case of *Walker v. McDonald,* 136 S. C., 231, 134 S. E., 222.

Under the view we take of the case, it would not be proper to discuss the other questions raised by the appeal.

It is the judgment of this Court that the judgment of the lower Court be, and the same is hereby, reversed and the case remanded to that Court for a new trial, in conformity with the views herein expressed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER and BONHAM concur.