15606

FOWLER v. FLOYD

(28 S. E. (2d), 641)

September, 1943.

Mr. C. B. Thomas and Mr. F. A. Thompson, both of Conway, S. C., and Mr. L. B. Dawes, of Loris, S. C., Counsel for Appellant,

Mr. W. Kenneth Suggs and Messrs. Epps & Epps, all of Conway, S. C., Counsel for Respondent,

January 6, 1944.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

The gravamen of the complaint in this action is contained in the fourth and sixth paragraphs, as follows:

"4. That on January 2, 1941, while this plaintiff was in the peaceful possession of the aforesaid tract of land, and while he was in his field cultivating the same, the defendant wilfully, maliciously, and with intent to wound and kill

this plaintiff, as he is informed and believes, assaulted this plaintiff with a shot gun, and inflicted upon the person of the plaintiff serious wounds, as a result of which he suffered severe pain, both physical and mental, was forced to spend large sums of money for medical treatment and hospitalization, and has lost much time from his business; that soon after the assault above alleged the defendant wilfully and maliciously entered upon and trespassed upon plaintiff's aforesaid tract of land, plowing and cultivating the same, and otherwise disturbing, interrupting, and depriving plaintiff of the continued use and possession of his property; and that plaintiff is informed and believes that the defendant has threatened and intends to continue trespassing upon plaintiff's land, and to extend his trespasses over a greater portion thereof, the full extent of his threats and intentions being unknown to the plaintiff.

"5. * * *.

"6. That by reason of the aforesaid wilful, malicious, and unlawful acts committed by the defendant the plaintiff has been damaged in person and property in the sum of Twenty-five Hundred ($2500.00) Dollars."

All of the answer printed in the record is the following: "That upon the plaintiff having entered upon the said lands of the defendant and trespassed thereon in the manner hereinabove described this defendant went to the plaintiff and peaceably ordered him to get off of his land and the defendant time after time repeated his demand that the plaintiff get off his land, all of which the plaintiff refused to do, and the plaintiff at the said time had a pistol in his hands threatening the defendant. That thereupon the defendant went to his home and secured his gun and again ordered the plaintiff to get off his land and the plaintiff refused to do so and attempted to shoot this defendant, whereupon this defendant protected himself by shooting to prevent receiving serious bodily injuries or of being killed by the plaintiff."

After the case was placed on the roster for trial by jury, defendant gave notice of a motion to be heard on the first day of the term "for an order requiring the plaintiff to elect as to which cause of action alleged in the complaint he will rely; that is to say, whether upon a cause of action sounding in tort for personal injury or upon a cause of action of trespass *quare clausum fregit.*" (Quoted from the Transcript of Record.)

The Court passed an order requiring an election and reciting that upon the ruling, plaintiff elected to proceed upon a cause of action for trespass *quare clausum fregit.*

A week later defendant moved the Court to strike from the complaint as irrelevant and incompetent the first of paragraph 4, quoted above, relating to the personal assault and down to the beginning of the allegation relating to the trespass on land. The Court ruled that plaintiff had made the required election to pursue the cause of action for trespass, with which the offending allegations had nothing to do, and that they should be stricken, which was ordered. The Court stated its opinion that in the complaint were two causes of action, one for assault and battery and the other for trespass on land and they should have been stated separately, which the plaintiff offered to do at the hearing of the first motion but defendant's counsel objected because no notice of such a motion had been served. Thus the Court correctly conceived the complaint but we think that it was error under the circumstances to require an election, which was in effect a striking out of the cause of action for damages for the alleged assault and battery on plaintiff's person, on which a new suit would have to be afterward brought or the cause of action abandoned. This appeal is from both of the aforementioned rulings of the Circuit Court.

Section 487 of the Code expressly permits in subsection (3) the joinder in one complaint of causes of action for "injuries with or without force, to person

and property, or either." It is patent that this provision authorizes the uniting in one complaint of causes of action for damages for assault and for trespass to land. Resort need not be had to the truism that a main purpose of the Code is to simplify procedure and reduce the number of actions necessary to be brought.

The section of the Code referred to contains a subsequent requirement that separate causes of action, such as here presented, "must be separately stated." But it is well established that the remedy of a defendant who is faced with causes of action jumbled in a complaint, as here, is to move for an order requiring amendment of the complaint by a separate statement of them. "If the plaintiff endeavors to state more than one cause of action, and merely fails to give them, in form and manner, distinct and separate existence, it is considered a vice in pleading; but the remedy is not by demurrer, but by notice to make the pleadings more definite and certain by separating and distinctly stating the different causes of action. Pom. Rem., § 447." *Hellams v. Switzer,* 24 S. C., 39. Many subsequent pertinent decisions of this Court will be found by reference to 27 S. E. Dig., Pleading, Keys 368 and 369.

An enlightening discussion of the question is found in the opinion of the Court by Mr. Justice Cothran in *Bateman v. Wymojo Yarn Mills,* 155 S. C., 388, 152 S. E., 675. The complaint in that action was analyzed to show that it contained three distinct charges of slander, one for malicious prosecution, one for false arrest and imprisonment, and one for trespass upon plaintiff's property. The governing section of the Code, above referred to, then No. 430, now No. 487, was construed and applied with the result that it was clearly held that the alleged causes of action for malicious prosecutions, false arrest and imprisonment, and trespass upon real property might be joined in one complaint and action, but the alleged slanders should be separately sued upon. The latter, of course, were "injuries to character,"

and included within subsection (4), and could not be joined in one complaint with causes of action for injuries "to person and property, or either," the latter quoted being the words of subsection (3), pertinent here.

The authorities in the brief of the respondent have been carefully considered, but they involved complaints in which inconsistent causes of action required an election on the part of plaintiff when put to it upon proper motion of the defendant, and it is such that are within the contemplation of Circuit Court rule No. 78. The cases cited will be briefly reviewed.

*Jumper v. Dorchester Lumber Co.,* 119 S. C., 171, 111 S. E., 881, was a case in which plaintiff alleged quite inconsistent causes, that is, but one set of facts was disclosed and he sought relief in the alternative; for compensation for his services he alleged he was entitled to the denuded land *or* to payment of a commission on the timber purchased by him. As the Court said, plaintiff had the legal right to rely upon any one of the remedies but not upon specific performance *and* also the commissions claimed, and it was a proper case for defendants to move for an order requiring the plaintiff to elect upon which cause of action he would go to trial.

In *Black v. Kirkland Seed Co.,* 158 S. C., 112, 155 S. E., 268, the well-known rule was applied that a plaintiff cannot sue upon an implied warranty of the soundness of goods sold and at the same time rely upon an express warranty. He may be required to elect one or the other.

*Scott v. McIntosh,* 167 S. C., 372, 166 S. E., 345, expressly referred to inconsistent causes of action and held that an unwilling defendant could not properly be forced to defend against a complaint upon two causes of action, one for rent accruing under a written lease and the other based on *quantum meruit,* and it was plainly said that one cause precluded the other, because they were inconsistent.

In contrast to the foregoing cases, relied upon by respondent, the present complaint, which has been quoted in material part hereinabove, alleges an assault and battery with a shotgun, and in the same paragraph, separated only by a semi-colon, further alleges a cause of action for trespass upon plaintiff's land, a different but not inconsistent cause of action, and the causes are alleged to have arisen at different times and under separate circumstances. Paragraph 6 lays the damages "in person and property." As heretofore found, these causes of action may be joined in one complaint and where not separately stated defendant's remedy is by motion requiring such, and failure to make a proper and timely motion is, in effect, a waiver of the right.

The orders appealed from are reversed and the case remanded.

MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.