18218

Anna B. COOPER, Executrix of the Estate of George C. Cooper, Respondent, v. GEORGIA CASUALTY & SURETY COMPANY and Canal Insurance Company, Appellants.

(136 S. E. (2d) 774)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-ville, *for Appellant, Canal Insurance Company,*

*Messrs. Haynsworth, Perry, Bryant, Marion & John-stone,* of Greenville, *for Appellant, Georgia Casualty & Surety Company,*

*Messrs. Baskin & Cothran,* of Bishopville, *Price & Poag,* of Greenville, and *James P. Mozingo, III,* and *Greer & Chandler,* of Darlington, *for Respondent,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant, Canal Insurance Company, in Reply.*

May 28, 1964.

Moss, Justice.

Anna B. Cooper, as executrix of the estate of George C. Cooper, the respondent herein, did, on May 20, 1958, recover a judgment against Kenneth F. Longo and B & Y Brokers, Inc., in the amount of $100,000.00, plus costs in the amount of $3.65. The judgment rendered was upon a cause of action alleging that on February 10, 1957, George C. Cooper sustained bodily injuries as a result of a collision which occurred between an automobile owned and operated by the said Cooper and a tractor and trailer owned and operated by the said Kenneth F. Longo and B & Y Brokers, Inc.

The present action was instituted by the respondent against Georgia Casualty & Surety Company and Canal Insurance Company, the appellants herein, to recover the amount of the aforesaid judgment, together with costs and interest. It was alleged in the complaint that the appellants had issued certain policies of liability insurance to Kenneth F. Longo and B & Y Brokers, Inc., in which they agreed to pay all damages which the said Kenneth F. Longo and B & Y Brokers, Inc., became legally obligated to pay because of bodily injuries or death to any person by reason of the negligent operation of the said tractor and trailer. It is then alleged that, by virtue of the aforesaid judgment, the appellants are "jointly and each of them are indebted to the" respondents in the amount of said judgment, together with interest and costs.

Georgia Casualty & Surety Company, one of the appellants herein, pursuant to Section 10-606 of the Code, moved before the lower Court to require the respondent

to make her complaint more definite and certain by separately stating the two causes of action contained in her complaint, or if that be denied, then by specifying the basis upon which she claims the two appellants to be jointly liable to her.

Canal Insurance Company, the other appellant, pursuant to Section 10-642(5) of the Code, demurred to the complaint upon the ground that it appears upon the face thereof that several causes of action have been improperly united, in that the respondent has attempted to allege one cause of action against Georgia Casualty & Surety Company upon a policy of insurance alleged to have been issued by that company, and another cause of action upon another insurance policy alleged to have been issued by Canal.

In due course, the motion and the demurrer were heard by the Honorable Frank Eppes, Judge of the Thirteenth Circuit. Thereafter, he issued his order denying the motion made by Georgia Casualty & Surety Company and overruling the demurrer interposed by Canal Insurance Company. This appeal followed.

The ground of decision in overruling the demurrer was thus stated in the circuit order:

"After consideration of the matter I am of the opinion that there is but one cause of action, that is, an action to collect a judgment previously secured. It is alleged that the two defendants are jointly and severally liable to pay the judgment by virtue of the fact that both companies had insurance policies in effect that covered the transportation unit of a tractor and trailer which was operated in a way to bring about the damages complained of. The law is clear that the plaintiff could not collect the full judgment from both the defendants. It appears that the question of who is liable to pay and which company, if any, has primary and which secondary coverage and the question of how much should be paid by each party could only be properly determined in one action."

We cannot agree that the complaint states a cause of action on the judgment which plaintiff recovered in the tort action. Clearly, no such action would lie against these defendants. They can be pursued by plaintiff only in her right as third party beneficiary on their respective contractual obligations to pay the amount which the insureds have become legally obligated to pay. *Kingman v. Nationwide Mut. Ins. Co.*, 243 S. C. 405, 134 S. E. (2d) 217. Although both policies are alleged to cover the same risk, there is no suggestion that they were jointly issued. Instead, each insurance company is liable to plaintiff, if at all, on the insurance contract issued by it. A right of action on an insurance policy arises on the failure of the insurance company to perform its obligations under the terms of its policy. Proof that there has been such a failure on the part of one company would have no tendency to establish a breach by the other. Each company is entitled to require that plaintiff's proof establish a *prima facie* case of breach of contract against it and to an opportunity to present any available affirmative defenses. Clearly, then, two primary rights or subjects of controversy are presented for adjudication, either or both of which might be prosecuted by separate action. We conclude that two causes of action are alleged. 1 C. J. S., Actions, § 64, page 1184; 1 Am. Jur., Actions, Section 67, page 457.

Our next inquiry is whether the demurrer for misjoinder should have been sustained, and this depends upon whether the causes of action are properly united under the terms of Section 10-701, Code of Laws 1962. This section authorizes the joinder of several causes of action in the same complaint when they all arise out of any one of seven categories, including "contract, express or implied"; subject, however, to the requirements that "the causes of action so united must (a) all belong to one of these classes, (b) except in actions for the foreclosure of mortgages, *affect all the parties to the action*, (c) not require different places of trial and (d) *be separately stated.*"

Since these two causes of action (a) both arise out of contract and (c) do not require separate places of trial, they may properly be joined if they (b) *affect all the parties to the action* and (d) *be separately stated.* It is well settled that the remedy for failure to separately state causes of action, otherwise properly united in the same complaint, is by motion to require an amendment rather than by demurrer, *Fowler v. Floyd,* 204 S. C. 118, 28 S. E. (2d) 641. Therefore, the issue of misjoinder depends upon whether both insurance companies are affected by both causes of action within the meaning of the statute.

The complaint alleges that each insurance company had in force a policy under which it became liable for the full amount of the judgment recovered by plaintiff against the insureds. In the absence of a contrary policy provision, such as a *pro rata* insurance clause, the plaintiff could have sued either insurer for the full amount of the judgment. However, plaintiff would have been entitled to only one recovery and an insurer paying more than its proportionate share of a debt equally and concurrently due by the other insurer would have been entitled to contribution, 29 A. Am. Jur., Insurance, Section 1717, page 795; 46 C. J. S., Insurance § 1207, page 150. In *Lucas v. Garrett,* 209 S. C. 521, 41 S. E. (2d) 212, 169 A. L. R. 660, we said: "The rule of contribution is an equitable rule and is based on the fact that those who insure or become sureties for the same duty ought to share the results of the default."

We have held that two insurers against the same loss may be sued together where both policies contained co-insurance clauses, the effect of which was to make each insurer only proportionately liable to the insured. Hence, each insurer was affected by the existence and amount of coverage afforded by the policy of its co-defendant. *Graham v. Alliance Ins. Co.,* 192 S. C. 370, 6 S. E. (2d) 754.

Likewise, here, each insurer is affected by the cause of action against the other under the rule of contribution. This is true because the amount of the ultimate loss of one insurer can be ascertained only after the existence and amount of coverage afforded by the other has been determined. Indeed, by electing to sue both defendants in one action, plaintiff has made it possible for the rights of all of the parties to be fixed by one judgment, including the determination of the proportionate, primary liability of each insurer, virtually making them co-insurers for the purposes of this action.

We have consistently construed Section 10-701 of the Code liberally, recognizing that its primary purpose is to authorize joinder of causes of action which are germane to each other and thus avoid a multiplicity of actions. *Winter v. United States Fidelity & Guaranty Co.*, 240 S. C. 561, 126 S. E. (2d) 724. Our construction accords with the general authorities as to joinder under the practice acts of the various states. The marked tendency of the Courts is to permit joinder whenever the nature of the case, the interest involved, and the relief demanded make it appropriate that the entire controversy should be determined in one action. 1 C. J. S., Actions, § 96, page 1273. While causes of action involving different defendants cannot be joined unless all of the defendants are affected by them, it is not necessary that they should all be affected in the same manner or to the same extent. 1 C. J. S., Actions, § 98, pages 1285 and 1286. The complaint is not objectionable if the relation of the defendants to the causes of action is such as to require the working out of their various liabilities as between themselves. *Ibid.*, page 1293.

We conclude that the demurrer of Canal upon the ground of misjoinder of causes of action was properly overruled.

The refusal of the motion of Georgia Casualty & Surety Company to require the plaintiff to amend her complaint by separate statement of the causes

of action must be reversed because such holding was based on the erroneous view that only one cause of action was stated. The statute which mandatorily requires separate statement, is controlling. It becomes unnecessary for us to consider the exception asserting error on the alternative motion of the appellant.

Reversed and remanded for further proceedings in accordance with the views herein expressed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.