21348

SAWDUST MOUNTAIN, INC., d/b/a, Simply Southern Furniture, Respondent, v. DORCHESTER HOUSE INC., Paul Noe, II, Sam Fortson, III Ann L. Pouch and Edgar D. Pouch Appellants.

(272 S. E. (2d) 799)

*George F. Townes,* Greenville, *for appellants.*

*David B. Ward,* of *Horton, Drawdy, Hagins, Ward & Blakely,* Greenville, *for respondent.*

December 8, 1980.

NESS, Justice:

Appellants Dorchester House, Inc., Paul Noe, II, Sam Fortson, III, Ann L. Pouch and Edgar D. Pouch appeal from an order denying their demurrers, motions to strike, and motions to separately state regarding the complaint of respondent Sawdust Mountain, Inc.

Appellants assert the trial court erred in overruling their motions to state separately the allegations contained in respondent's first cause of action. We agree and reverse.

Section 15-15-10, Code of Laws of South Carolina (1976), permits the joinder of several causes of action in the same complaint, when they arise out of the same transaction, but, each cause of action must be separately stated.

The refusal of a motion to require a plaintiff to amend his complaint by separate statement of the causes of action must be reversed where such holding was based on the erroneous view that only one cause of action was stated. *Cooper v. Georgia Casualty & Surety Co.,* 244 S. C. 286, 136 S. E. (2d) 774 (1964).

Here, respondent concedes in its brief that it sought relief for two distinct wrongs under its first cause of action: (1) conversion of inventory; and (2) wrongful distribution of assets in fraud of creditors. The trial court erred in denying appellant's motion as two causes of action were admittedly set forth in respondent's first cause

of action. Respondent must plead each cause of action in its complaint separately as required by § 15-15-10, *supra.*

Appellant's remaining exceptions are without merit and are dismissed pursuant to Rule 23 of the Rules of Practice of this Court. Accordingly, we affirm that part of the order overruling appellant's demurrers and motions to strike, reverse that part which denies appellant's motion to state separately each cause of action and remand with directions that respondent separately state each cause of action in its complaint.

Affirmed in part; reversed in part and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.