## 10640

### SIMMONS *ET AL.* v. ROANOKE CITY MILLS

#### (107 S. E. 903)

1. APPEAL AND ERROR—EXCEPTIONS TO CHARGE HELD NOT TO CONFORM TO RULE.—In an action by the buyers of meal to recover for breach of warranty, on the appeal of plaintiff buyers, *held,* that their exceptions to the Court's charge did not conform to the requirements of Rule 6 of the Supreme Court that each exception must contain a concise statement of one proposition of law or fact which the Court is asked to review, and that the exceptions shall not be long or argumentative in form.

2. SALES.—ACTION CANNOT BE MAINTAINED BOTH ON EXPRESS AND IMPLIED WARRANTY.—An action cannot be maintained both on an express and implied warranty of goods sold.

3. SALES—IMPLIED WARRANTY OF FITNESS OF MEAL SOLD WITHOUT REFERENCE TO PARTICULAR MARKET.—Where meal was sold, the only implied warranty on the part of the seller was that it was of value for the purposes for which it was ordinarily used, without reference to a particular market.

Before WHALEY, J., Richland County Court, November, 1920.   Appeal dismissed.

Action by Hugh E. Simmons and O. W. Hartness, partners as Hartness-Simmons Co., against Roanoke City Mills. From judgment for defendant on its counterclaim the plaintiffs appeal.

*Messrs. Holman & Holman* and *Jas. S. Verner,* for appellants, cite: *Judge erred in charge on implied warranty*: 15 A. & E. Enc. L. 1231, 1229; 35 Cyc. 397, 418; 12 S. C. 586; 40 S. C. 31; 80 S. C. 292; 100 S. C. 389; 105 S. C. 273; 112 S. C. 422. *Express warranty does not include implied warranty of fitness*:    3 Brev. 63; 10 S. C. 164; 54 L. R. A. (N. S.) 900.

*Messrs. Nelson, Gettys & Mullins,* for respondent cite: *Silence of plaintiff when he should have spoken will be construed as approval by him*: 195 Fed. 382; 115 S. C. 426. *Where suit is on an implied warranty there can be no recovery on an express warranty*: 112 S. C. 422; 112 S. C. 89. *Without an express warranty the article sold is warranted to be of value for the purpose to which it is ordinarily applied*: 80 S. C. 297.

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The facts are thus stated in the record:

"The purpose of the action was to obtain judgment against the defendant for the sum of $1,000 which the plaintiffs allege was due them by the defendant on account of the alleged breach of warranty as to certain meal which

the plaintiffs purchased of the defendant on or about the 14th day of June, 1920. The plaintiffs alleged that on or about the 14th day of June, 1920, the defendant sold to them 625 sacks of unbolted meal which the defendant, by charging and receiving therefor a full price, warranted and represented to be sound and wholesome and entirely fit and suitable for use and sale as meal for human consumption in the city of Columbia and vicinity.

"By their answer, the defendants denied the material allegations of the complaint and set up a counterclaim for $915.65 growing out of the refusal of the plaintiffs to accept 625 sacks of meal which the plaintiffs purchased from the defendants at the time that the plaintiffs purchased the 625 sacks, which they claim did not come up to the representations made thereof by the defendant.

"After issue joined, the action came on for trial on the 30th day of November, 1920, before Hon. M. S. Whaley, County Judge. The case, after being submitted to the jury, terminated in a verdict in favor of the defendant on its counterclaim in the sum of $500. Upon this verdict judgment was duly entered, and in due course the plaintiff served notice of intention to appeal therefrom."

The exceptions are as follows:

"The plaintiff, excepting to the charge of the Presiding Judge, alleges that he erred in charging the jury as follows: If the plaintiff 'is suing upon an implied warranty, then what I told you about any express warranty, in any verbal conversation, goes out of the case, and he cannot recover upon that theory. He either takes one horn of the dilemma or the other. * * *' 'If there is any express verbal warranty in the case, you cannot consider that, growing out of any verbal conversation; if he simply comes into the Court, under the law of South Carolina, and says this, that I agreed to buy those goods which came in the first car, to wit, 625 sacks of meal, that nothing was said about it at the

time, but that I paid a sound price, and my payment of that sound price spoke for me and said what in the eyes of the law? That I was to have shipped to me a sound article for the sound price. And in the State of South Carolina, if nothing else is said at the time of the sale and you don't believe that this written memorandum governs, then the law steps in and says, even if the parties go and say nothing about the soundness of the article, or what it should be, the law steps in and says in this State that the seller must beware, and, if the seller agrees to take a sound price, that the article sent in must be sound, must be fit for what? Not for the eccentricities or peculiarities of any one community, but fit for the ordinary purposes for which that commodity is usually intended. Now, that is what it says, that is all the law warrants if the parties say nothing.'

"In charging the jury as above set out, we respectfully submit that his Honor, the trial Judge, erred in instructing the jury that, where a person sues for the breach of an implied warranty of soundness, such as arises from the payment of a sound price, the jury could not consider any express verbal warranty growing out of any verbal conversation had by the seller and buyer; whereas he should have held: (a) That where a purchaser sues on an implied warranty arising from the payment of a sound price he may show in addition to the implied warranty an express verbal warranty, but, when the purchaser sues on an express warranty, he cannot show an implied warranty; (b) that the jury could consider any conversation had between the seller and buyer at the time of the purchase touching the quality of the thing purchased in order to find out what the parties agreed should be sold and bought. And in this connection the Court also erred in instructing the jury that a purchaser could not rely upon an implied warranty where anything was said at the time of the purchase that amounted to, or might be construed as, an express warranty.

"In charging the jury as above set out, we respectfully submit that his Honor also further erred in charging that, if the seller agrees to take a sound price for a commodity, the same must be fit, 'not for the eccentricities or peculiarities of any one community, but fit for the ordinary purposes for which that commodity is usually intended'; whereas he should have held where merchants (such as the plaintiffs were) order a certain commodity to be sold them in a certain community, and explain what kind of commodity they want, and pay a full price for the same, upon the acceptance of the price the seller warrants the goods to be as ordered and salable by the merchants in his community. And in this connection his Honor should have held that, inasmuch as the plaintiffs, as shown by the pleadings and evidence. purchased the said meal only for the purpose of reselling it, and paid a full price therefor, the defendant by accepting a full price for the meal warranted that it would satisfy the eccentricities and peculiarities of the plaintiff's community."

The exceptions do not conform to the requirements of Rule 6 of the Supreme Court, which provides:

"Each exception must contain a concise statement of one proposition of law or fact, which this Court is asked to review. * * * The exceptions shall not be long or argumentative in form."

But, waiving such objections, they cannot be sustained, for the reason that an action cannot be maintained both upon an express and an implied warranty (*Mull v. Touchberry,* 112 S. C. 422, 100 S. E. 152), and for the further reason that, even if the action is upon an implied warranty, the only warranty upon the part of the defendant was, that the meal was of value for the purposes for which it was ordinarily used, without reference to a particular market (*Walker, Evans & Cogswell v. Ayer,* 80 S. C. 292, 61 S. E. 557).

Appeal dismissed.