## 11499

### STATE v. BARFIELD

#### (122 S. E., 856)

1. CRIMINAL LAW—COURT'S STATEMENT IN JURY'S PRESENCE AS TO EFFECT OF CONFESSION HELD ERROR.—Court's statement in presence of jury, when overruling a motion to strike out an alleged confession, "I don't think that the conduct of the district attorney warrants the attack that has been made on it. It seems to me that he has acted in keeping with the high office which he holds, and it was his duty to do everything in his power to get the man or men implicated," *held* prejudicial error, as the question whether was voluntary was for jury.

2. HOMICIDE—CHARGE AS TO DISTINCTION BETWEEN MURDER AND MANSLAUGHTER HELD ERROR.—A charge, basing the distinction between murder and manslaughter "on the degree of negligence or carelessness" of the act *held* error.

3. HOMICIDE—NEGLIGENT HANDLING OF DANGEROUS INSTRUMENTALITY WILL ONLY WARRANT CONVICTION OF MANSLAUGHTER.—A negligent handling of a dangerous instrumentality, resulting in death of another, will only warrant a conviction of manslaughter and not murder.

Before DENNIS, J., Darlington, June, 1923. Reversed and remanded.

John Barfield, alias Loy Harrison, was convicted of murder and he appeals.

*Messrs. A. L. King, M. L. Smith* and *T. C. Cork,* for appellant, cite: *Confession:* 32 S. C. L., 155; 99 S. C., 504; 106 S. E., 575; 13 S. C., 389. *Charge prejudicial to defendant:* 73 S. C., 340. *Additional instructions:* 120 S. E., 230.

*Messrs. J. Monroe Spears, Solicitor,* and *F. A. Miller,* for the State, cite: *Admission of confession:* 115 S. C., 506; 99 S. C., 504; 14 S. C., 540; 100 S. E., 149; 1 Am. Dec., 211; 74 S. C., 477. *Counsel desiring further instruction must request them:* 113 S. E., 491; 114 S. C., 433. *Additional instruction by the Court, after jury retires:* 113 S. E., 307; 105 S. C., 243; 79 S. C., 229; 97 S. E., 62. *Court's comments not prejudicial to defendant:* 93 S. C., 149; 36 S. C., 534; 112 S. E., 922; 71 S. C., 136; 87 S. C., 407; 39 S. C., 343; 41 S. C., 125. *Degree of crime:* 33 S. C. L., 77; 30 S. C., 74; 72 S. C., 104; 66 S. C., 469; 39 S. C., 97; 34 S. C., 120.

May 20, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was tried and convicted of murder at Darlington, in June, 1923, before Judge Dennis and a jury. The verdict of the jury recommended mercy. Defendant appeals, and by 17 exceptions alleges error. The seventh exception is as follows:

"Because his Honor erred in stating, in the presence of the jury when overruling the motion to strike out the alleged confession, 'I don't think that the conduct of the district attorney (J. D. E. Meyer), warrants the attack that has been made on it. It seems to me that he has acted in keeping with the high office which he holds, and it was

his duty to do everything in his power to get the man or men implicated,' in that in said statement he clearly indicated to the jury that in the opinion of the Court great weight should· be given to the testimony of the witness, and had the effect of deciding the question of fact that should have been submitted to the jury for its determination, and decided it adversely to the defendant, when it was the contention of the defendant that the witness Meyer had testified in Court to statements alleged to have been made by him when he was irrational, and which were not made in the presence of the witness who testified to them, but were made in the presence of another person· who took down his statement in writing, and neither the writing nor the person to whom the statements were made were produced in Court."

This exception must be sustained. As to whether the confession was free and voluntary or whether made or not was for the jury to determine, and the remarks of his Honor made him a participant with the jury in the determination of this question, and influenced them in their determination of this question to the prejudice ·of the appellant under *Latimer v. Electric Co.*, 81 S. C., 374; 62 S. E., 438. *Stokes v. Murray,* 99 S. C., 221. *State v. Jackson,* 87 S. C., 407; 69 S. E., 883, and *State v. Turner,* 117 S. C., 470; 109 S. E., 119.

The tenth, eleventh, thirteenth, and fourteenth exceptions are as follows:

"(10) Because his Honor erred in instructing the jury as follows: 'The handling of a weapon in a negligent, or grossly negligent and careless, manner is unlawful, and from that you may find a verdict of murder or manslaughter, depending upon whether, from all the facts, you conclude that there was·malice. A person who fires a deadly weapon like a pistol or gun into a crowd may have no malice against any one, but yet may be guilty of murder or manslaughter, according as the jury may find, whether that act was negli-

gently or grossly negligently done. It takes that gross carelessness, such as will show a lack of consideratoin for the lives of other people. That is to say, malice may be implied from negligence, and a person who causes another's death by the use of a pistol or gun is guilty of manslaughter, unless the negligence is so wanton as to make the killing murder. An intention to be grossly careless indicates active wantonness and willfulness. In a case of homicide by gross carelessness in the handling of a deadly weapon, the verdict may be either murder or manslaughter, according as the jury may determine the presence or absence of malice. In other words, gentlemen, a man may be convicted of murder or manslaughter who kills another without intending to kill that particular person, but who is guilty of such gross carelessness in the handling of the weapon, or such carelessness and negligence as would induce a jury to believe, as I stated, that he had a wanton disregard for the lives of other people.' Because the term 'negligence' always indicates mere inadvertence, while a wanton act indicates a willful failure to observe due care, and that the law will not imply malice from negligence whatever may be its degree, but in order to imply malice there must be willful and wanton conduct on the part of the person charged therewith.

"(11) Because his Honor erred in charging the jury, upon their request for further instructions as to the distinction between murder, murder with a recommendation to mercy, and manslaughter, as follows: 'I charged you also that the reckless firing of firearms—if a person shoots a loaded gun into a crowd, or if one person in such a negligent and careless manner shoots to the disregard of life, the jury may imply malice from that and find him guilty of murder.' Because such charge was a statement to a jury that both the crime of murder and the crime of manslaughter may result from negligent and careless conduct and was very prejudicial to the rights of the defendant, in that it indicated to the jury that they could find the defendant guilty of murder because of mere negligent and reckless

conduct when the question upon which the jury desired further instructions was a distinction between the degree of negligence necessary to constitute murder and that necessary to constitute manslaughter, and his Honor should have charged that negligence never implies malice."

"(13) Because his Honor erred in charging the jury as follows: 'Manslaughter is the killing of a human being in sudden heat and passion upon a sufficient provocation. Now manslughter may arise from the careless and negligent handling of firearms. If a man handled a dangerous weapon in a careless and negligent way, or if he shoots it into a crowd in a careless and· negligent way it would be murder or manslaughter, depending on the degree of negligence or carelessness and upon your conclusion upon whether òr not he acted with such carelessness or such gross carelessness as would warrant you in implying malice, not malice against any particular person, but disregard of human life that would prompt a man to do unlawful things or lawful things; it need not make any difference whether a man is acting lawfully or unlawfully, if he handles a weapon in that manner I have described to you he is guilty of murder or manslaughter.' Because said instructions were · given to the jury when they had been called out of the room on the morning after the trial and instructions were not solicited by them, and such instructions clearly stated to the jury that whether the killing of one be murder or manslaughter would depend upon the degree of negligence or carelessness with which the act was done; whereas malice will not be implied from mere carelessness or negligence, and his . Honor should have so charged the jury.

"(14) Because his Honor erred in charging the jury as follows: 'It need not make any difference whether a man is acting lawfully or unlawfully. If he handles a weapon in in that manner as I have described to you, he is guilty of murder or manslaughter.' Whereas malice will not be implied from any degree of carelessness and his Honor should have so instructed the jury."

These exceptions must be sustained. It was wholly irrelevant and irresponsive to any phase of the testimony submitted by either side. The defendant denied the killing, and, in view of the verdict of the jury convicting the defendant, it was prejudicial in suggesting or supplying a source of malice. A party to be convicted of murder must be guilty of malice, express or implied. He must be in a malicious mental attitude—not a negligent act but a malicious act. No homicide negligently committed can be murder. A negligent handling of a dangerous instrumentality resulting in the death of another, as long as the act remains negligence, will only warrant a conviction of manslaughter and will not warrant a conviction of murder.

The charge of his Honor was erroneous, confusing, and misleading and prejudicial, in that it based the distinction between murder and manslaughter "on the degree of negligence or carelessness" of an act which might result in the death of another; that malice might be implied from "carelessness"; that malice might be implied from "gross carelessness."

On these the judgment must be reversed, and a new trial granted.

New Trial.

MR. JUSTICE COTHRAN concurs.

MESSRS. JUSTICES FRASER and MARION concur in the result.

MR. JUSTICE FRASER: I think a new trial should be granted on the first ground, but do not think the rest of the charge prejudicial error.