GREENVILLE BANKING & TRUST COMPANY, Receiver of the PLANTERS BANK v. TALITHA LEGGETT.

(Filed 10 March, 1926.)

**1. Banks—Insolvency—Courts—Jurisdiction—Appeal—Individual Liability of Shareholders.**

The Superior Court has exclusive jurisdiction over the affairs of an insolvent bank incorporated in this State, and before a shareholder may be called upon to pay an assessment against the shares he owns therein, it is required that the court ascertain the amount of the insolvent bank's indebtedness with reference to its assets, and what the individual liability, if anything, is assessable against the stock. C. S., 239.

**2. Same—Actions—Justices' Courts.**

A justice of the peace has no jurisdiction over an action of the receiver of an insolvent State banking corporation to collect over payment of dividends in liquidation to a shareholder, though the amount sought is less than two hundred dollars, when the individual indebtedness has not been ascertained by the Superior Court as required by law, C. S., 239, and the Superior Court cannot acquire jurisdiction by an appeal.

Appeal by defendant from *Stack, J.,* at December Special Term, 1925, of Pitt. Action dismissed.

On 4 July, 1923, the Corporation Commission brought suit against The Planters Bank, alleging its insolvency, and obtained an order appointing the plaintiff as permanent receiver of its assets. The receiver made its report on 6 May, 1924, and the judge of the Fifth Judicial District made an order on 7 May, 1924, authorizing the payment to creditors of a dividend of 33⅓ per cent, but withholding any dividend which would otherwise be due the stockholders until their individual liability should be adjusted. In the order it was provided that the receiver should make an assessment against the stockholders to the extent of their liability as provided in case of a bank's insolvency and should bring suit or should take such legal proceedings as was necessary to enforce collection.

The defendant had two shares of stock in the insolvent bank, each of the par value of $50. She had on deposit $102. By mistake she was paid $34, presumably under the order authorizing a dividend of 33⅓ per cent; and she was paid $17 in addition as a dividend of 16⅔ per cent, making a total of $51. According to this calculation there was a remainder of $49 which was the measure of her liability for the assessment on her stock. The plaintiff brought suit before a justice of the peace to recover this amount. The following instruction was given the jury: "Under the law, a stockholder in a bank is liable for double the amount of the stock, in this case, she, the defendant, admits she had two shares of the par value of $50 each, which would make $100

but the plaintiff admits credits, bringing it down to $49. The court instructs you, if you believe the evidence in the case, your answer should be $49, with interest from 8 June, 1925, which was the date this action was brought, if you don't believe it, answer it, nothing." The defendant excepted. Judgment for the plaintiff. Appeal by the defendant upon exceptions.

*Julius Brown for the plaintiff.*
*J. C. Lanier and S. J. Everett for defendant.*

ADAMS, J. The defendant excepted to the instruction given, and in the argument here she contended that neither the justice of the peace nor the Superior Court on appeal had jurisdiction of the action. The jurisdiction of the Superior Court was derivative; it could not proceed to judgment, therefore, unless the justice had original jurisdiction. *Drainage Comrs. v. Sparks,* 179 N. C., 581; *Sewing Machine Co. v. Berger,* 181 N. C., 241, 248; *Hall v. Artis,* 186 N. C., 105. The plaintiff says the question of jurisdiction was not raised in the trial court and should not now be considered; but it has been held that a motion to dismiss for want of jurisdiction may be made for the first time in the Supreme Court. *Tillery v. Benefit Society,* 165 N. C., 262; *McDonald v. MacArthur,* 154 N. C., 122.

A statute enacted in 1897 provided that the stockholders of every bank or banking association chartered in this State should be individually responsible equally and ratably for all contracts, debts, and agreements of such association to the extent of the par value of their stock. This statute as amended is C. S., 237. It was construed in *Smathers v. Bank,* 135 N. C., 410, the Court saying: "In winding up the affairs of an insolvent corporation it is best that, as nearly as may be, the court having original jurisdiction bring all parties interested in the final decree before it, and to the end that their right and equities be adjusted and administered. The usual and better practice is to have an assessment upon the stockholders made by the court, upon an ascertainment from the report of the receiver and notice issued to each stockholder to show cause why such assessment should not be enforced. The act of 1891 (chapter 155), in regard to winding up the affairs of insolvent banks, as amended by Laws 1899, ch. 164, transferring to the Corporation Commission the power and duties conferred upon the Treasurer, contemplates this procedure. While, as we have seen, the receiver may recover the amount due from the stockholder, he should be permitted to do so only upon its appearing that there is a deficit in the other assets of the bank, and he should recover only such amount as may be necessary to cover such deficit. It is within the power of the court to make such assessment. *Langston v. Upton,* 91 U. S., 56;

*Hawkins v. Glenn,* 131 U. S., 319. It may be that it would be wise to confer upon the Corporation Commission, having charge of the management of banks, the power to make such assessments after the manner provided in the National Banking Act, by which the comptroller does so."

The act of 1911, C. S., 239, is in line with this opinion: "When a banking corporation chartered by the State becomes insolvent, and it appears to the court with jurisdiction of the cause that the bank's assets are insufficient to discharge the obligations, and that it will be necessary to assess the shares of stock issued by such bank as provided by law, an accounting may be had in the original action and the shareholders made parties defendant thereto. When upon the facts found it is adjudged that such deficiency exists and the amount thereof is determined, the court shall assess the stock of the corporation equally and ratably, and not in excess of the limitation provided by statute, and adjudge the holders indebted to the receiver of the corporation in proportion to the amount of stock therein credited to them upon the books of the bank within thirty days next preceding its suspension. The certificates of stock are thereafter evidence as against all stockholders of an indebtedness due the receiver equivalent to the assessment thereon, and the judgment shall establish the amount of the deficiency, the necessity of the assessment, the names of the shareholders, and their several liabilities as such."

It will be noted that provision is made for an accounting in the original action, to which the shareholders may be made parties. There should be therein a finding and a judgment as to the fact and as to the amount of the deficiency; and then the court should assess the stock of the corporation equally and ratably and determine and adjudge the amount of each holder's indebtedness. The statute contemplates a uniform rule by which the assessments shall be made; and the necessity of such a rule is exemplified by the facts in the present record. There is evidence from which it may be inferred that the receiver made the assessment in this case pursuant to the judge's order; but it was erroneous in amount and there is no evidence of a judgment in the Superior Court as to the liability of the defendant or any of the other stockholders. The liability of all should have been adjudged in the original action.

The receiver brought a separate action in a justice's court to recover an amount which had not been determined by the Superior Court. We think that the individual liability of the stockholders should be adjudged in the suit pending in the Superior Court, and that the present action should be dismissed.

Action dismissed.