## 12198

### RAINEY v. SIMON

#### (138 S. E., 41)

1. SALES—ACTION CANNOT BE MAINTAINED ON BOTH EXPRESS AND IMPLIED WARRANTY.—An action cannot be maintained on both an express warranty and implied warranty, and an express warranty precludes implied warranty and limits warranty to that expressed.

2. SALES—HOLDING THAT SELLER OF TRUCK WAS LIABLE UNDER EX-PRESS AND IMPLIED WARRANTY HELD ERRONEOUS.—In action for damages based on alleged breach of warranty of soundness of truck sold by defendant under express 90-day warranty, holding of lower Court that defendant was liable under both express warranty and implied warranty *held* erroneous, since express war-ranty precluded implied warranty.

Note: As to the general rule whether express warranty in a contract for sale of an article excludes an implied warranty, see annotation in 15 L. R. A. (N. S.), 862; 33 L. R. A. (N. S.), 502; 16 A. L. R., 865; 28 R. C. L., 1402; 4 R. C. L. Supp., 1523; 6 R. C. L. Supp., 1394.

3. TRIAL—JUDGE'S REMARK THAT TESTIMONY, IN ACTION ON ALLEGED
   BREACH OF WARRANTY, SHOWED PLAINTIFF WAS CAREFUL, WITH
   TRUCK SOLD HELD ERRONEOUS AS INDICATING OPINION ON MATERIAL
   DEFENSE.—In action for damages based on alleged breach of war-
   ranty of soundness of truck, wherein defendant attempted to show
   that defects were due to misuse of truck by plaintiff, remark by
   presiding Judge that certain testimony elicited from plaintiff's
   witness, on cross-examination, showed that plaintiff was careful
   with truck, *held* erroneous as indicating to jury his opinion that
   material defense of defendant was without merit.

Before ANSEL, J., Greenville, May, 1926.    Reversed.

Action by J. C. Rainey against H. H. Simon, doing bus-
iness as the Simon Auto Company. Judgment for plain-
tiff, and defendant appeals. Reversed and remanded for a
new trial.

*Messrs. Dakins Stover,* and *Bowen & Bryson,* for appel-
lant, cite: *Action cannot be maintained both upon an ex-
press and an implied warranty:* 116 S. C., 432; 112 S. C.,
422; 117 S. C., 384; *Id.,* 391. *No proof can be offered of
matters not put in issue by the pleading:* 31 Cyc., 580; 69
S. C., 360; 37 S. C., 365. *Error for Judge to express
opinion upon material facts:* 99 S. C., 221; 117 S. C., 470;
119 S. C., 134; 126 S. C., 197; 128 S. C., 386; 130 S. C.,
112.

*Messrs. J. Robert Martin* and *Benjamin A. Bolt,* for re-
spondent, cite: *Election of warranty question of evidence,
not of procedure:* 112 S. C., 422. *No occasion requiring
election at close of plaintiff's testimony:* 31 Cyc., 653. *Cases
distinguished:* 117 S. C., 391; 105 S. C., 520. *Contract and
breach pleaded; plaintiff can show any damages within
terms of warranty:* 102 S. C., 130; 128 S. C., 344. *Judge's
comment not a charge on the facts:* 95 S. C., 180; 79 S.
C., 526; 76 S. C., 193; 71 S. C., 136; 61 S. C., 17; 72 S.
C., 350; 73 S. C., 379; 78 S. C., 502. *Not prejudiced:* 73
S. C., 383; 132 S. E., 814. *Conflicting testimony question*

*for jury:* 124 S. C., 458. *Verdict not excessive:* 100 S
C., 33; 85 S. C., 463; 131 S. C., 250; 124 S. C., 473.

May 3, 1927.

The opinion of the Court was delivered by MR. JUSTICE
STABLER.

This is an action for damages based upon an alleged
breach of warranty of the soundness of a truck sold by the
defendant to the plaintiff.

The complaint alleges:

"That on the ―― day of ――, 19—, the plaintiff herein
purchased of the defendant, Simon Auto Company, a Gra-
ham Brothers truck, paying to the said defendant a reason-
able price demanded for the same, and in the sale of said
truck by the defendant to the plaintiff herein, the defendant
expressly and impliedly warranted said truck to be sound
and free from defects and agreed to make good, free of
any charges whatsoever to the plaintiff, any defects arising
or showing up within a reasonable time after said sale, and
that, notwithstanding said promise and warranty, the de-
fendants have failed and refused to make good defects
known to it arising in the said truck, whereby the plaintiff
has had to replace the block and piston and been forced to
spend large sums of money in hiring another truck while
said repairs were being made, to his injury and damage in
the sum of $500.00."

The defendant pleaded a general denial, the jury found
in favor of the plaintiff for $300.00 and the defendant ap-
peals.

The exceptions are five in number, but we shall not con-
sider them all.

When the case was called for trial, the defendant made
a motion that the plaintiff be required to elect whether he
stood on an express warranty or an implied warranty. The
Court did not grant the motion, but remarked, "I will hear

the testimony first." At the conclusion of the plaintiff's testimony, the following occurred:

"Mr. Bryson: I wish to renew my motion to force them to elect whether they stand on an expressed or implied warranty.

"The Court: I rule it was an expressed warranty for 90 days so far as the maker is concerned but the *implied warranty implies all the way through.* A sound price warrants a sound article in this state. That is the only warranty there is. That is, he would have all repairs made for 90 days without cost. That warrants if anything was the matter with it—that is the expressed warranty for the maker. Suppose it on the one-hundredth day would give out, what would you do?

"Mr. Bryson: As I understand it, for the 90 days it is an expressed warranty.

"The Court: So far as defects and repairs and new parts without cost after that the implied warranty would apply under the laws of South Carolina."

By his first and second exceptions the appellant complains of error on the part of the trial judge in refusing to grant the defendant's motion to require the plaintiff to elect as to whether he would stand upon an express warranty or an implied warranty, and in holding that the defendant was responsible under both.

Upon trial of the case, a written warranty, covering a period of 90 days from the date of sale of the truck, was introduced in evidence as the warranty made by the defendant in the sale. However, it appears that the trial judge proceeded to try the case upon the theory that at the conclusion of the 90 days covered by the express warranty an implied warranty would arise.

It is true, as stated by the trial Court that the civil law rule prevails in this state; namely, that a sound price implies a sound article. *Timrod v. Shoolbred,* 1 Bay, 324; 1 Am. Dec., 620. But it is also a well-settled

rule that an action cannot be maintained upon both an express warranty and an implied warranty (*Simmons v. City Mills,* 116 S. C., 432; 107 S. E., 903), and that an express warranty precludes an implied warranty (*Mull v. Touchberry,* 112 S. C., 422; 100 S. E., 152), and limits the warranty to that expressed (*Murray v. Peacock,* 117 S. C., 384; 109 S. E., 121).

In *Wells v. Spears,* 1 McCord, 421, the decision of the Court is stated in the syllabus as follows:

"An express warranty of title does not exclude an implied warranty of soundness."

But no such situation is presented in the present case. The plaintiff pleads that he purchased the truck from the defendant, and that the defendant "expressly and impliedly warranted the truck to be sound and free from defects." Here, as stated in *M'Laughlin v. Horton,* 1 Hill, 383:

"The soundness of the [article] is the subject of express warranty; * * * and the plaintiff's liability [defendant's in this case] cannot be extended beyond it, either by parol or legal implication."

We must, therefore, conclude that the trial Judge was in error, the soundness of the truck being the subject of express warranty, in holding that the defendant was liable under both an express warranty and an implied warranty. He could have held that an action could not be maintained upon both, and that the express warranty precluded the implied warranty.

The fourth exception complains of a remark made by the presiding Judge during the trial of the case, in the presence of the jury, as being highly prejudicial to the defendant. The defendant attempted to show that the defects in the machine, if there were any, were due to overloading, rough usage, and misuse of the truck by the plaintiff. On cross-examination, Goodman, a witness for the plaintiff, testified that he greased the truck in question, tightened it up; and went over it every Saturday; that

he had the brakes lined; and that the oil was changed in it at the plant. Whereupon the Court remarked:

"That shows he (the plaintiff) was careful with it."

We think the language of the Judge indicated to the jury his opinion that a material defense of the defendant was without merit, and to that extent he participated with the jury in the decision of the case. *Latimer v. Electric Co.,* 81 S. C., 379; 62 S. E., 438. *Stokes v. Murray,* 99 S. C., 221; 83 S. E., 33. *State v. Barfield,* 128 S. C., 384; 122 S. E., 856.

The respondent contends that this remark of the Court could in no way have proved hurtful to the defendant, by reason of the fact that it was not a cross-examination of anything brought out by the plaintiff on direct examination, and related only to the care exercised by the plaintiff during a period of eight months, long after the express warranty had expired. It was material and important, however, in the trial of the case, to determine whether the alleged defects in the truck existed at the time of its sale or whether they were the result of lack of care or misuse of the truck by the plaintiff, and so the Judge's remark must have necessarily operated to prejudice the minds of the jury with respect to this defense. Furthermore, the remark would be pertinent and would have full weight with the jury because of the theory as to implied warranty under which the case was being tried. This exception must be sustained.

We do not deem it necessary to pass upon the other exceptions made by the defendant.

The judgment of the Greenville County Court is reversed, and the case remanded to that Court for a new trial.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER concur.