PEOPLES BANK AND TRUST COMPANY TO THE USE OF THE WAYNE
NATIONAL BANK v. A. ROSCOWER.

(Filed 5 November, 1930.)

**Banks and Banking H a—Statutory liability of stockholders may be enforced by bank purchasing another bank for purpose of liquidation.**

Under the provisions of our statute, section 15, chapter 4, Public Laws of 1921 as amended by chapter 47, Public Laws of 1927, and chapter 73, Public Laws of 1929, either a state or national bank may purchase the assets of another bank, including the statutory liability of the stockholders of the selling bank, upon such terms as are agreed upon and approved by the Corporation Commission, and suit on the statutory liability of the stockholders of the selling bank may be instituted in the name of the purchasing bank to the use of the selling bank within three years from the date of the transfer, and chapter 113, Public Laws of 1927, now C. S., 218(c) does not repeal chapter 15, Public Laws of 1921, as amended, and is inapplicable when the liquidation is under the provisions of that act, and the amendment of the act of 1921 by chapter 73, Public Laws of 1929, being only to correct a typographical error, does not affect the right of action accruing prior to its enactment, it being significant only as legislative construction that the act of 1921 was not repealed by the act of 1927.

APPEAL by defendant from *Midyette, J.,* at August Special Term, 1930, of WAYNE. Affirmed.

This action to recover of the defendant, a stockholder of the Peoples Bank and Trust Company, a banking corporation organized under the laws of this State, now insolvent, the full amount for which said defendant is liable, under C. S., 219(a), to the creditors of said corporation, was heard on defendant's demurrer to the complaint.

The essential facts alleged in the complaint are as follows:

Prior to 13 January, 1927, the Peoples Bank and Trust Company, a corporation organized under the laws of this State, was engaged in the banking business at Goldsboro, N. C. On said day the said corporation closed its doors and ceased to do business. It was on said day, and since has been continuously, insolvent. No receiver has been appointed for said corporation, nor has the Corporation Commission taken possession of said corporation for the purpose of liquidating its affairs, as authorized by statute.

On 30 April, 1927, with the consent and approval of the Corporation Commission, first had and obtained, the said Peoples Bank and Trust Company sold and transferred to the Wayne National Bank of Goldsboro, N. C., "all of its assets of every kind, including stockholders' liability, such transfer and sale being upon the terms agreed upon and approved by the Corporation Commission and by two-thirds vote of the board of directors of said Peoples Bank and Trust Company. Said sale and transfer of assets was not only approved by a two-thirds vote of the board of directors, but was also ratified and approved by more than two-thirds in interest of the stockholders of said Peoples Bank and Trust Company, at a meeting of said stockholders duly called and held for said purpose on or about 27 April, 1927." In consideration of said sale and transfer, the Wayne National Bank assumed and agreed to pay all the debts and liabilities of the Peoples Bank and Trust Company.

After 13 January, 1927, and prior to the date of said sale and transfer of its assets by the Peoples Bank and Trust Company to the Wayne National Bank, to wit, 30 April, 1927, certain stockholders of the Peoples Bank and Trust Company, owning approximately two-thirds of its capital stock, voluntarily paid in the full amount for which each of said stockholders was liable under C. S., 219(a), and said amounts were transferred and delivered to the Wayne National Bank; said amounts have been applied by the said Wayne National Bank in payment of claims of depositors and creditors of said Peoples Bank and Trust Company. The full amount for which each stockholder of the Peoples Bank and Trust Company is liable, as an individual, will be required to pay off and discharge the claims of depositors and creditors of said Bank and Trust Company. Under its agreement with the Peoples Bank and Trust Company, the Wayne National Bank has the right to recover of said stockholders the amounts for which each is liable.

On 13 January, 1927, the defendant was, and he is now a stockholder of the Peoples Bank and Trust Company, owning twenty shares of its capital stock, of the par value of $2,000. The defendant has failed and refused to pay to plaintiff the amount, or any part thereof, for which he is liable as a stockholder of said Peoples Bank and Trust Company.

Plaintiff demands judgment in this action that it recover of the defendant the sum of $2,000, with interest thereon from 30 April, 1927, and the costs of the action.

The defendant demurred to the complaint for that the facts stated therein are not sufficient to constitute a cause of action, on which plaintiff is entitled to recover of the defendant.

From judgment overruling the demurrer, and allowing defendant time to file an answer, the defendant appealed to the Supreme Court.

*Dickinson & Freeman for plaintiff.*
*N. W. Outlaw, Hugh Dortch and L. I. Moore for defendant.*

CONNOR, J. The sale and transfer of its assets by the Peoples Bank and Trust Company to the Wayne National Bank, on 30 April, 1927, for the purpose of its liquidation, was authorized by statute. Section 15 of chapter 4, Public Laws of 1921, as amended by chapter 47, Public Laws of 1927, and by chapter 73, Public Laws of 1929, is as follows:

"Whenever the Corporation Commission shall approve it, any bank may sell and transfer to any other bank, either State bank or National bank, all of its assets of every kind, including stockholders' liability, upon such terms as may be agreed upon and approved by the Corporation Commission and by two-thirds vote of its board of directors. A certified copy of the minutes of any meeting at which such action is taken, under the oath of the president and cashier, together with a copy of the contract of sale and transfer, shall be filed with the Corporation Commission. The purchasing bank may institute suit against the stockholders in the name of the selling bank as plaintiff at any time within three years from the date of the sale and transfer and judgment in the action shall be a lien against each stockholder for the amount of stock liability."

The essential provisions of this statute were in force on 30 April, 1927. The amendment by chapter 73, Public Laws 1929, was for the purpose of correcting a typographical error in chapter 47, Public Laws 1927, and had no other effect. It is significant, however, as showing legislative construction that section 15 Public Laws 1921, as amended by chapter 47, Public Laws 1927, had not been repealed, altered or amended by chapter 113, Public Laws 1927.

This action by the Peoples Bank and Trust Company to the use of the Wayne National Bank is expressly authorized by the above-quoted statute. It appears from the allegations of the complaint, which are admitted by the demurrer, that the facts stated therein are sufficient to constitute a cause of action on which plaintiff is entitled to recover of the defendant. The contention of the defendant that chapter 113,

Public Laws 1927, supersedes the statute by which the sale and transfer of its assets by the Peoples Bank and Trust Company to the Wayne National Bank was authorized, cannot be sustained. The procedure prescribed by said statute, which is now C. S., 218(c) for the liquidation of an insolvent banking corporation and for the assessment of the amounts for which its stockholders are liable under C. S., 219(a), is not applicable, when the liquidation is under section 15, Public Laws 1921, as amended by chapter 47, Public Laws 1927, and by chapter 73, Public Laws 1929.

There is no error in the judgment overruling the demurrer in the instant case and allowing defendant to file an answer to the complaint. The judgment is

Affirmed.