13053

STATE v. ADAMS

(153 S. E., 445)

*Mr. W. Stokes Houck,* for appellant,

*Mr. L. M. Gasque, Solicitor,* for the State.

January 12, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The defendant, Cal Adams, and one Ed Davis were jointly indicted for manufacturing whiskey and having the same in their possession. They were tried before his Honor Judge Henry and a jury, the result being the conviction of Cal Adams and the acquittal of Ed Davis. The sentence imposed upon Cal Adams was twelve months at hard labor, six months of which were suspended during good behavior.

The defendant has appealed, assigning error in a certain charge of his Honor to the jury, contending that the expression was prejudicial to his case.

It appears that one Ward was the only witness for the prosecution; he testified that there ware two negroes at the still discovered by him either making whiskey or getting ready to do so; that it was about dark when he arrived at the still; he swore positively to his identification of the defendant Cal Adams; at the preliminary trial he swore positively to the presence of both Davis and Adams; at the trial he admitted that he was probably mistaken about seeing Ed Davis; both of the defendants were practically the same distance from the witness.

In the argument of appellant's counsel before the jury he contended that if the witness Ward was mistaken about seeing Davis at the still, it was possible for him to have been mistaken in his positive identification of Adams.

In his charge to the jury his Honor said:

"Counsel said some things are possible and impossible—we don't deal with possibilities and impossibilities in this Court—it is a matter of belief from the evidence we hear testified to on the stand—that is the thing that governs it. It is not what is possible or impossible, it is a question of faith—what do you believe about it?"

We think that the argument of counsel for the defendant was entirely legitimate and that the remarks of his Honor were at least calculated to disparage the conclusion which counsel intended the jury to draw. *State v. Dannelly,* 116 S. C., 113, 107 S. E., 149, 14 A. L. R., 1420; *Latimer v. Electric Co.,* 81 S. C., 374, 62 S. E., 438; *Rainey v. Simon,* 139 S. C., 337, 138 S. E., 41; *State v. Turner,* 117 S. C., 470, 109 S. E., 119; *State v. Furtick,* 147 S. C., 82, 144 S. E., 839.

The judgment of this Court is that the judgment of the Circuit Court be reversed; that the case be remanded to that Court for a new trial.

MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.