THE PLANTERS SAVINGS BANK TO THE USE OF BANK OF GATES v. C. M. EARLEY AND OTHERS, STOCKHOLDERS OF THE PLANTERS SAVINGS BANK.

(Filed 8 March, 1933.)

1. **Banks and Banking J a—Approval of stockholders of selling bank is not necessary to transfer of all its assets to another bank for liquidation.**

    The transfer of all the assets of a bank, including the statutory liability of its stockholders, may be made to another bank for the purposes of liquidation when two-thirds of the directors of the selling bank and the Corporation Commission approve, sec. 4, chap. 47, Public Laws of 1927, and the approval of the stockholders of the selling bank is not necessary.

2. **Banks and Banking J c—Action to assess stockholders of bank which had transferred all its assets to another bank for liquidation is equitable.**

    Where a bank has transferred all its assets, including the statutory liability of its stockholders, to another bank for the purpose of liquidation, an action instituted for the purpose of assessing the statutory liability of the stockholders of the insolvent bank involves an accounting

and is equitable in its nature, over which the Superior Court has exclusive jurisdiction, and all the stockholders of the insolvent bank are proper, if not necessary, parties, but no judgment can be rendered against them until the amount for which each stockholder is liable has been determined.

APPEAL by the demurring defendants from *Parker, J.,* at December Term, 1932, of GATES. Affirmed.

This action was heard on the demurrer to the complaint filed by certain of the defendants.

The facts alleged in the complaint are substantially as follows:

On 11 March, 1930, because of its impending insolvency, and of its inability for that reason to continue its business, the Planters Savings Bank, a corporation organized and doing business at Gatesville, N. C., under the banking laws of this State, sold and transferred all its assets of every kind, including the statutory liability of its stockholders to its depositors and other creditors, to the Bank of Gates. In consideration of such sale and transfer, the Bank of Gates, a corporation organized and doing business at Gatesville, N. C., under the banking laws of this State, assumed the liability of the Planters Savings Bank to its depositors and other creditors, and agreed to pay the claims of such depositors and other creditors in full. Before its consummation, the said sale and transfer was duly approved, as to all its terms, by the board of directors of the Planters Savings Bank, and also by the Corporation Commission of North Carolina.

Since the said sale and transfer, the Bank of Gates has paid the claims of all the depositors and other creditors of the Planters Savings Bank in full. The assets of the Planters Savings Bank have been liquidated by the Bank of Gates. The proceeds of such liquidation have not been sufficient in amount to reimburse the Bank of Gates for the amount which the said bank advanced for the payment of the claims against the Planters Savings Bank. There is now due the Bank of Gates on account of the amount which it has advanced to pay said claims the sum of $24,795.32.

The par value of the capital stock of the Planters Savings Bank is $20,000. This capital stock is divided into 400 shares, each of the par value of $50.00. The defendants are stockholders of the Planters Savings Bank, each defendant owning the number of shares of stock alleged in the complaint. An assessment of 100 per cent, or of $50.00 per share, on each share of the stock of the Planters Savings Bank will be required to pay the amount now due the Bank of Gates.

From judgment overruling their demurrer, and allowing them to file answers to the complaint within the time prescribed by law, the demurring defendants appealed to the Supreme Court.

---

*A. P. Godwin, J. M. Glenn and MacLean & Rodman for plaintiff.*
*P. W. McMullan and John H. Hall for defendants.*

CONNOR, J. The judgment in this action is affirmed on the authority of *Trust Co. v. Roscower,* 199 N. C., 653, 153 S. E., 560. In that case the sale and transfer by the insolvent bank of its assets of every kind, including the statutory liability of its stockholders to its depositors and other creditors, to another bank, for purposes of liquidation, was approved not only by two-thirds of its directors and the Corporation Commission, but also by the holders of two-thirds of its capital stock. The approval of the sale and transfer of its assets by the stockholders of the selling bank was not required by the statute under which the sale and transfer was made, and added nothing to its validity. A valid sale and transfer of its assets may be made by a bank organized and doing business under the laws of this State, to another bank, for purposes of liquidation, when the sale and transfer is approved, as to all its terms, by two-thirds of the directors of the selling bank and the Corporation Commission. The approval of the stockholders of the selling bank is not required by the statute. Sec. 4, chapter 47, Public Laws of North Carolina, 1927. The statute is not invalid for that reason.

This action involves primarily an accounting and for that reason is equitable in its nature. The accounting may be had only in the Superior Court. *Trust Co. v. Leggett,* 191 N. C., 362, 131 S. E., 752. All the stockholders of the insolvent bank are proper, if not necessary, parties. The complaint is not demurrable for misjoinder of parties or causes of action. No judgment can be rendered against any of the stockholders until the amount for which each stockholder is liable has been determined. This amount cannot exceed the par value of the shares of stock owned by him, but may be less. There is no error. The judgment is

Affirmed.