STANLY BANK AND TRUST COMPANY ET AL. v. GURNEY P. HOOD, COMMISSIONER OF BANKS, AND ARTHUR P. HARRIS, JR., TRUSTEE.

(Filed 23 May, 1934.)

**Banks and Banking H c: H a—Commissioner of Banks may be restrained from taking over assets and levying upon stock of bank which has assigned assets sufficient to pay creditors to another bank for liquidation.**

A bank transferred and assigned all its assets to another bank under an agreement, approved by the Commissioner of Banks, that the latter bank should pay all depositors and creditors of the former. C. S., 217(k). Before the assignee bank had fully discharged the agreement it became insolvent and was taken over by the Commissioner of Banks: *Held,* upon a showing that the assets of the assignor bank are sufficient to pay in full all its depositors and creditors, the assignor bank, its depositors and creditors may restrain the Commissioner of Banks from taking possession of the assigned assets, and, pending the trial of the issue involving the value of the assigned assets, they may restrain the Commissioner of Banks from levying upon and collecting the statutory liability of the stockholders of the assignor bank, the Commissioner of Banks being subject to the equitable jurisdiction of the Superior courts, and the court's right to restrain him in proper cases not being affected by the provisions of C. S., 218.

STACY, C. J., dissents.

APPEAL by defendant, Gurney P. Hood, Commissioner of Banks, from *Stack, J.,* at Chambers, on 27 January, 1934. From STANLY. Affirmed.

This is an action to restrain the defendant, Gurney P. Hood, Commissioner of Banks, from taking into his possession the assets of the plaintiff, Stanly Bank and Trust Company, for liquidation, and from levying assessments on its stockholders on account of their statutory liability in the event of its insolvency, pending the liquidation of said

Bank and Trust Company by the defendant, Arthur P. Harris, Jr., trustee, pursuant to a judgment of the Superior Court of Stanly County.

The plaintiff is a corporation organized under the laws of this State. Prior to 3 February, 1931, the plaintiff was engaged in the general banking business at Albemarle, in Stanly County, North Carolina. On said day, it ceased to do such business, and is now in process of liquidation by the defendant, Arthur P. Harris, Jr., pursuant to a judgment rendered by Judge Harding in an action entitled, Stanly Bank and Trust Company *et al. v.* Page Trust Company *et al.,* and dated 20 June, 1933.

On 3 February, 1931, the Stanly Bank and Trust Company sold, transferred, assigned and conveyed all its assets to the Page Trust Company, a banking corporation engaged in business in this State, in consideration of the agreement of said Page Trust Company to pay and fully satisfy the claims of all the depositors and other creditors of the said Stanly Bank and Trust Company. After the Page Trust Company had taken over the assets of the Stanly Bank and Trust Company, and before it had paid and fully discharged the claims of all the depositors and other creditors of the Stanly Bank and Trust Company, in accordance with its contract, it became insolvent and ceased to do business. On or about 5 May, 1933, Gurney P. Hood, Commissioner of Banks, took possession of the Page Trust Company, because of its insolvency. At said date, there were in the possession of the Page Trust Company assets which it had acquired from the Stanly Bank and Trust Company, of the face value of over $200,000. The Page Trust Company had advanced for the payment of claims against the Stanly Bank and Trust Company, in excess of the amount which it had collected from said assets, the sum of $25,819.55. The balance due to depositors and other creditors of Stanly Bank and Trust Company, was about $61,000.

In an action instituted in the Superior Court of Stanly County, entitled, "Stanly Bank and Trust Company *v.* Page Trust Company *et al.,*" a judgment was rendered by Judge Harding declaring that the Stanly Bank and Trust Company had a lien on the assets which the said company had transferred, assigned and conveyed to the Page Company, and which were then in the possession of Gurney P. Hood, Commissioner of Banks. A trustee was appointed by Judge Harding, and it was ordered that said assets be delivered to said trustee for collection, and distribution. The defendant, Arthur P. Harris, Jr., is now the trustee under said judgment, and is engaged in the performance of his duties as ordered by Judge Harding.

On 22 December, 1933, Gurney P. Hood, Commissioner of Banks, caused the following notice of possession to be filed in the office of the clerk of the Superior Court of Stanly County:

"NOTICE OF POSSESSION.

Under and by virtue of the authority of subsection 3, section 218(c), of the Consolidated Statutes, notice is hereby given that the Stanly Bank and Trust Company, a banking corporation organized and existing under and by virtue of the laws of the State of North Carolina, and until recently conducting a banking business in the town of Albemarle, Stanly County, State of North Carolina, is now by reason of the authority contained in section 218(c), Consolidated Statutes, in the possession of the Commissioner of Banks for the purpose of liquidation, and that possession of the said banking corporation was taken for the reason that said banking corporation is insolvent and unable to meet its obligations to depositors in the ordinary course of business."

Thereafter, on 2 January, 1934, this action was instituted by the plaintiffs to restrain the defendant, Gurney P. Hood, Commissioner of Banks, from taking possession of the assets of the plaintiff, Stanly Bank and Trust Company, and from levying assessments on its stockholders on account of their statutory liability in the event of its insolvency, pending the liquidation of said Bank and Trust Company by the defendant, Arthur P. Harris, Jr., trustee, pursuant to the judgment rendered by Judge Harding.

From judgment continuing a temporary restraining order to the final hearing, the defendant, Gurney P. Hood, Commissioner of Banks, appealed to the Supreme Court.

*T. B. Mauney and R. L. Smith for plaintiffs.*

*Kenneth C. Royall, Allen Langston, W. L. Mann and C. I. Taylor for defendants.*

CONNOR, J. Where, as in the instant case, a banking corporation, organized and doing business under the laws of this State, and for that reason subject to the jurisdiction of the Commissioner of Banks, has transferred, assigned and conveyed all its assets to another banking corporation, also organized and doing business under the laws of this State, in consideration of the agreement of the latter corporation to pay and fully discharge the claims of all the depositors and other creditors of the former corporation, and the Commissioner of Banks had consented to such transfer, assignment and conveyance (C. S., 217(k), *Corp. Com. v. Stockholders,* 199 N. C., 586, 153 S. E., 445), but thereafter, before the latter corporation has fully performed its agreement with the former corporation, files notice that he has taken into his possession the former corporation, under the provisions of C. S., 218(b), for purposes of liquidation, the said former corporation, its depositors, and stockholders may restrain the Commissioner of Banks

18—206

from taking into his possession the assets of the former corporation, which are then in the possession of the latter corporation, upon showing that said assets are sufficient in value for the payment in full of the claims of all its depositors and other creditors. Pending the trial of the issue involving the value of said assets, the Commissioner of Banks may also be restrained from levying and collecting assessments on the stockholders of the former corporation, because of their statutory liability.

The jurisdiction of the Superior courts of this State, in a proper case, to restrain the Commissioner of Banks, is not affected by the provisions of C. S., 218, providing for the liquidation of insolvent banking corporations organized and doing business under the laws of this State. The Commissioner of Banks is an administrative officer of the State, and in the performance of his duties as prescribed by statute, is subject to the jurisdiction of the Superior Courts, in the exercise of their equitable jurisdiction. There is no error in the judgment in the instant case. It is

Affirmed.

STACY, C. J., dissents.