GURNEY P. HOOD, COMMISSIONER OF BANKS OF THE STATE OF NORTH CAROLINA, EX REL. HIGH POINT MORRIS PLAN BANK, v. DR. J. T. BURRUS.

(Filed 28 January, 1935.)

1. Banks and Banking H a—In action on liability of stockholder joinder of parties contracting to pay liabilities of bank held proper.

A stockholder in an insolvent bank filed answer to the assessment of the statutory liability against him, C. S., 218 (c) (13), alleging that prior to the insolvency of the bank three corporations contracted to pay the liabilities of the bank and save the stockholders from liability on their stock if the assets of the insolvent bank were transferred to them, that the assets of the bank were transferred in accordance with the contract and that the contracting parties took possession of the bank, but that they had not complied with their contract, but were seeking to avoid compliance therewith. Defendant stockholder moved in apt time that the parties contracting to pay the liabilities of the bank be made parties defendant: *Held*, the motion for joinder of the contracting parties as parties

defendant should have been allowed, the matter involving an accounting equitable in its nature, and the joinder of such parties being necessary to a complete determination of the questions involved in the action. C. S., 456.

**2. Banks and Banking H c—**

C. S., 218, does not deprive the Superior Courts of their equitable jurisdiction, upon a proper showing, over the Commissioner of Banks as an administrative officer of the State in the liquidation of banks.

Connor, J., dissents.

Appeal by defendant from *Clement, J.,* at June Term, 1934, of Guilford. Reversed.

The High Point Morris Plan Bank was an industrial bank, transacting business in the city of High Point prior to 4 March, 1925, and subsequent to 4 March, 1925. It was engaged in such business until on or about 1 February, 1934, when it was taken possession of by Gurney P. Hood, Commissioner of Banks for North Carolina. The defendant, or appellant, J. T. Burrus, was a stockholder in said bank, owning twenty-five (25) shares of stock which were issued to him prior to 4 March, 1925, and six (6) shares of stock which were issued to him subsequent to 4 March, 1925. The certificates of stock issued by the High Point Morris Plan Bank to the defendant had written in them a clause to the effect that said stock was nonassessable. When the first twenty-five (25) shares of stock were issued to defendant Burrus, the word "Bank" did not appear in the name of the corporation, but during the time of the ownership of the stock by the defendant the name of the corporation was changed so as to be the High Point Morris Plan Bank.

A part of the liabilities of the High Point Morris Plan Bank on 1 February, 1934, the date on which the Commissioner of Banks for the State of North Carolina took possession, were contracted prior to 4 March, 1925, and the balance of said liabilities were contracted by said bank subsequent to 4 March, 1925.

After taking possession of the plaintiff bank on or about the first day of February, 1934, Commissioner of Banks filed in the office of the clerk of Superior Court of Guilford County, pursuant to section 218 (c) (3) of the North Carolina Code of 1931, a notice of his action, stating the reason therefor. On 3 March, 1934, under and by virtue of the authority in subsection 13 of section 218 (c), Consolidated Statutes, the Commissioner of Banks levied an assessment against the stockholders of the High Point Morris Plan Bank equal to the stock liability of each stockholder. The assessment levied against the defendant is in the sum of thirty-one hundred dollars ($3,100), being the par value of the stock owned and held by him in the High Point Morris Plan Bank. There-

after, in apt time, the defendant caused to be filed in the office of the clerk of the Superior Court of Guilford County his answer to and appeal from said stock assessment.

In the answer of defendant, as a second ground of defense, he says: "That on or about July, 1933, the Morris Plan Bank of Virginia, the Morris Plan Bank of Greensboro, and the Morris Plan Bank of Winston-Salem, acting through their duly authorized representative and agent, Mr. J. R. Phane, held a conference with the directors of the High Point Morris Plan Bank at High Point, N. C., and jointly and severally entered into a contract with the High Point Morris Plan Bank to effect that in the event the High Point Morris Plan Bank would transfer and assign to it all its assets, tangible and intangible, they would assume and pay all the indebtedness of the High Point Morris Plan Bank, and would relieve the stockholders of said bank of any liability whatever upon their stock in the event of an effort to have them assessed, and would guarantee and assure the stockholders of said bank that they would incur no loss through any statutory liability upon their stock.

"That thereupon the High Point Morris Plan Bank transferred its assets, as aforesaid, to J. B. Carpenter, trustee for the said Morris Plan Bank of Greensboro, the Morris Plan Bank of Winston-Salem, and the Morris Plan Bank of Virginia, and relied upon the contract being carried out as agreed to.

"That thereupon the said corporations, through their officers and agents, took over the affairs of the High Point Morris Plan Bank, and have been conducting said institution since that time.

"That at the time of the above assignments the assets of the High Point Morris Plan Bank were in excess of two hundred and twenty thousand dollars ($220,000); that the liabilities were about forty-two thousand dollars ($42,000), and that the collections were averaging in excess of three thousand six hundred dollars ($3,600) per month.

"That this defendant is informed and believes the said corporations have not complied with their contract, and are seeking to avoid compliance therewith, and he is advised and alleges that they should be required to keep their contract in all particulars, and, in order that they may be compelled to do so, he is advised that they should be made parties to this action.

"That he is advised that the plaintiff in this action should seek to cause said corporations to comply with their contract for the protection of the creditors of the High Point Morris Plan Bank, and also for the purpose of protecting this defendant and all other stockholders of the High Point Morris Plan Bank.

"That the liability of the High Point Morris Plan Bank to depositors is less than four thousand dollars ($4,000), and for taxes less than ten

thousand dollars ($10,000), and the other indebtedness of the High Point Morris Plan Bank is thirty thousand dollars ($30,000), with the creditors of the Morris Plan Bank of Greensboro, the Morris Plan Bank of Winston-Salem, and the Morris Plan Bank of Virginia.

"Wherefore, respondent prays: That an order issue directing that the Morris Plan Bank of Greensboro, the Morris Plan Bank of Winston-Salem, and the Morris Plan Bank of Virginia be made parties to this action in order that the rights of this defendant, as well as the rights of all the stockholders of the High Point Morris Plan Bank and all its creditors may be protected and preserved in all particulars. That respondent recover his costs. For such other and further relief as to the court may seem just and proper. This 31 March, 1934."

The said case was calendared for trial on Wednesday, 13 June, 1934, at the two weeks term of Guilford Superior Court, beginning Monday, 4 June, 1934. On Tuesday, 12 June, 1934, the defendant, through his counsel, called attention of the court to the motion made in the answer and appeal of the defendant, to the effect that the other firms and corporations named in said answer and appeal be made parties to this action, and thereupon made a motion that the case be continued until said firms and corporations could be made parties. The court overruled the motion of the defendant, to which the defendant excepted, and this is the defendant's Exception No. 1. The defendant then made a motion that the said firms and corporations be made parties to this action. The court overruled this motion of the defendant, to which the defendant excepted. This is the defendant's Exception No. 2. On Wednesday, 13 June, 1934, the case was reached and called for trial before Hon. J. H. Clement, judge presiding, and a jury.

On the plaintiff's evidence, the court below charged the jury on all the issues, that if they find the evidence true, as testified by the witnesses, that they would answer them for plaintiff. Judgment was duly rendered by the court below against the defendant, on the verdict. It is as follows: "Now, therefore, it is ordered, adjudged, and decreed that the plaintiff have and recover judgment against the defendant (a) for the sum of $2,500.00; (b) for the sum of $600.00; and (c) for the costs of this action, to be taxed by the clerk.

"It is further ordered and adjudged that if and when the judgment herein rendered for the sum of $2,500.00 is paid, the proceeds shall not be applied by the plaintiff or the liquidating agent of the High Point Morris Plan Bank to the payment of that part of the indebtedness due by said bank on 1 February, 1934, which was contracted before 4 March, 1925, said amount being $77.85."

The defendant assigned errors to the above exceptions and appealed to the Supreme Court.

*York & Boyd for plaintiff.*
*Gold, McAnally & Gold and Reitzel & Waynick for defendant.*

CLARKSON, J. The following questions involved in this appeal we do not think, on the present state of the record, it is necessary to pass on: "Is a stockholder in an industrial bank liable for an assessment on his stock when said nonassessable stock was owned prior to the passage of C. S., 225 (o), and the liabilities were contracted prior and subsequent to the said enactment?

"Is a stockholder in an industrial bank subject to an assessment on his stock acquired after 4 March, 1925, which is the date of the passage of C. S., 225 (o), when his stock certificates contained a clause that said stock was nonassessable?"

The question now involved: "When a stockholder in an insolvent bank appeals from an assessment levy and sets forth in Superior Court that three corporations had agreed to assume and pay all the indebtedness of the said bank, before insolvency, and relieve the stockholders of any liability, provided the said bank would assign all its assets to said corporations, which was done, is it error to overrule the defendant's motion to make the said corporations parties to the action?" Under the facts and circumstances of this case, we think so.

N. C. Code 1931 (Michie), sec. 456, in part, is as follows: "All persons may be made defendants, jointly, severally, or in the alternative, who have, or claim an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved."

N. C. Practice and Procedure in Civil Cases, McIntosh, part of sec. 226, p. 210, in part is as follows: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiffs, or who is a necessary party to a complete determination and settlement of the questions involved. This includes the common-law rule, that the defendant is one who claims adversely to the legal claim of the plaintiff, or who has incurred a legal liability with reference to the plaintiff's claim, and where there were several defendants, they should all represent a common interest or liability, and not separate and independent rights. It also includes the equity rule, that all persons interested in the controversy adversely to the plaintiff, or whose presence is necessary to a complete adjustment of the controversy, should be defendants. 'Equity delights to do complete justice, and not by halves.' Hence, all persons who have a material interest in the subject-matter, and who would be affected by the action of the court, should be present, so as to be concluded by the adjudication, and thus avoid the vexation and expense of further litigation."

We think, under the facts and circumstances of this case, the motion of defendant was in apt time and should have been granted. The court below should have made an order to issue, directing that the Morris Plan Bank of Greensboro, N. C., the Morris Plan Bank of Winston-Salem, N. C., and the Morris Plan Bank of Virginia be made parties "to a complete determination or settlement of the questions involved." N. C. Code 1931 (Michie), sec. 218 (c), subsec. 13, in part is as follows: "Any stockholder may appeal to the Superior Court from the levy of assessment; the issue raised by the appeal may be determined as other actions in the Superior Court."

In *Bank v. Earley,* 204 N. C., 297 (299), it is said: "This action involves primarily an accounting, and for that reason is equitable in its nature. The accounting may be had only in the Superior Court. *Trust Co. v. Leggett,* 191 N. C., 362, 131 S. E., 752. All the stockholders of the insolvent bank are proper if not necessary parties. The complaint is not demurrable for misjoinder of parties or causes of action. No judgment can be rendered against any of the stockholders until the amount for which each stockholder is liable has been determined. This amount cannot exceed the par value of the shares of stock owned by him, but may be less."

In *Trust Co. v. Hood,* 206 N. C., 543 (546), is the following: "The jurisdiction of the Superior Courts of this State, in a proper case, to restrain the Commissioner of Banks is not affected by the provisions of C. S., 218, providing for the liquidation of insolvent banking corporations organized and doing business under the laws of this State. The Commissioner of Banks is an administrative officer of the State, and in the performance of his duties as prescribed by statute is subject to the jurisdiction of the Superior Courts, in the exercise of their equitable jurisdiction."

In the brief of plaintiff is the following: "Defendant alleges a contract made and entered into between the bank of which he was a stockholder and the three corporations named therein; alleges that the said corporations have not complied with their contract and are seeking to avoid compliance therewith; alleges that the Commissioner of Banks should seek to cause said corporations to comply with their contract. Certainly, if the High Point Morris Plan Bank has a contract with the three corporations named in the defendant's pleading, the Commissioner of Banks should and will, if he has not already done so, seek to cause said corporations to comply with their contract, but that will have to be done in a proper action instituted by the Commissioner of Banks against these corporations, and not in the case at bar."

Under section 456, *supra,* "to a complete determination or settlement of the questions involved," we see no reason why the motion of defendant

should have been overruled by the court below to bring in the parties mentioned so that the whole controversy may be settled in this action. The matter involved an accounting equitable in its nature and subject to the jurisdiction of the Superior Court.

For the reasons given, the judgment of the court below is
Reversed.

CONNOR, J., dissents.